*FILED*

*2019 DEC 31 AM 9: 03*

*BARBARA A. WIEDENBEIN*
*CLERK OF COMMON PLEAS COURT*
*CLERMONT COUNTY, OH*

## IN THE COURT OF COMMON PLEAS
## CLERMONT COUNTY, OHIO

| | |
|---|---|
| Neighbors Opposing Pit Expansion, Inc. ) <br> 3151 Pond Run Rd. ) <br> New Richmond, Ohio 45157 ) <br> ) <br> PLAINTIFF ) <br> ) <br> v. ) <br> ) <br> New Richmond Development Corp., LLC ) <br> 17014 New College Ave., Suite A ) <br> Grover, Missouri 63040 ) <br>    Statutory Agent: ) <br>    Joseph E. Budde, Esq. ) <br>    259 West Schrock Rd. ) <br>    Westerville, Ohio 43081 ) <br> ) <br> ) <br> Commercial Liability Partners, LLC ) <br> 2275 Cassens Drive ) <br> Fenton, MO 63026 ) <br> ) <br> DEFENDANTS ) | CASE NO. 2019 CVH 1571 <br><br> Judge _____ <br><br> # JUDGE BROCK |

## COMPLAINT WITH JURY DEMAND

Plaintiff Neighbors Opposing Pit Expansion, Inc. ("NOPE") files this complaint against New Richmond Development Corporation ("NRDC") and Commercial Liability Partners ("CLP") (collectively, "CLP Defendants," or "Defendants") and states as follows:

## PARTIES, NATURE OF ACTION, JURISDICTION, AND VENUE

1.      This is an action arising from the CLP Defendants' violations of an easement that guarantees protection and preservation of particular green space in Clermont County, Ohio ("Easement") and Defendants' multiple ongoing breaches of the 1986 Settlement Agreement

1

between NOPE and CG&E and its successors and assigns, which establishes and perpetuates certain rights of NOPE ("1986 Agreement" or "Agreement"). NOPE seeks immediate relief as a result of the Easement violations and breaches of the 1986 Agreement. These Easement violations interfere with NOPE's property rights above and beyond NOPE's rights under the 1986 Agreement and have unjustly enriched NRDC and CLP. The Agreement breaches deprive NOPE of vital information about the environmental risks of the significant and potentially devastating changes NRDC and CLP are making to property near NOPE members, information that is guaranteed to NOPE by the 1986 Settlement Agreement.

2.     NOPE is an Ohio non-profit corporation located in Clermont County, Ohio that has a principal corporate address at 3151 Pond Run Road, New Richmond, Ohio 45157. NOPE is comprised of Pierce Township (in Clermont County, Ohio) residents that live near the W.C. Beckjord Station (which operated for decades as a coal-fired power plant) ("Beckjord") and Beckjord's Utility Waste (defined below in Paragraph 6) disposal operations in Pierce Township, Ohio.

3.     New Richmond Development Corporation, LLC is a Delaware limited liability company registered with the State of Ohio. The address of NRDC's statutory agent is 259 West Schrock Road, Westerville, Ohio 43081. NRDC was, and is, a wholly owned subsidiary of CLP, a Florida corporation with a principal address at 2275 Cassens Drive, Fenton, Missouri 63026. During relevant times, NRDC was an owner of properties located at 3035 U.S. Route 52 ("Pond Run Property") and 1 Beckjord Road, both in New Richmond, Ohio. The properties are referenced by the Clermont County Auditor as Parcel ID 272802C006 and 272802E009, respectively.

2

4.      NOPE holds an Easement, attached hereto as Attachment 1, over sections of the Pond Run Property owned and/or controlled by the CLP Defendants. NOPE, as an original party, and the CLP Defendants, as successor or assigns, are parties to a September 30, 1986 Settlement Agreement, attached hereto as Attachment 2. The Easement violations and the Defendants' breaches arise in Clermont County, Ohio.

5.      The Court possesses subject matter jurisdiction by virtue of the relief requested, which includes, but is not limited to, damages in excess of $25,000.00. The Court has personal jurisdiction over NRDC because NRDC has regularly transacted business in the State of Ohio, including in Clermont County, Ohio. The Court has personal jurisdiction over CLP because CLP has regularly transacted business in, owns assets in, and derived a benefit from the State of Ohio, including from Clermont County, Ohio. Further, CLP has exercised control over NRDC, including with respect to the breaches and easement violations pled herein. Venue is also proper in this County because the actions giving rise to this Complaint arose in Clermont County, Ohio.

## FACTUAL ALLEGATIONS REGARDING THE DEFENDANTS' EASEMENT VIOLATIONS AND BREACHES

### CLP Defendants Violated the Terms of the Recorded Easement

6.      NOPE was formed in 1985 when residents in Pierce Township, Clermont County, Ohio learned about plans by Cincinnati Gas & Electric Company (CG&E) to purchase real property in Pierce Township for the disposal of Utility Waste ("Utility Waste" includes boiler slag, fly ash, bottom ash, pyrites, desulfurization sludge, residues, and mixtures of such wastes and all other types of wastes that have been or will be generated at Beckjord as a direct or indirect result of the combustion of fossil fuels used to generate electricity for the public).

7.      NOPE was formed to prevent proposed Utility Waste disposal from decimating the nature and character of land and homes and to otherwise protect the environment.

3

8.     In furtherance of these objectives, on or about May 28, 1985, NOPE filed a notice of intent to file a federal environmental citizen suit, alleging violations of federal environmental laws by CG&E related to generation, handling, and disposal of Utility Waste.

9.     NOPE engaged in a multi-year public education campaign about the health and property threats presented by CG&E's environmental plans. That campaign and the broad community concerns about environmental problems stemming from Utility Waste disposal caused, after extensive negotiations with NOPE, the utility to abandon its plans to dispose of Utility Waste throughout Pierce Township.

10.     On September 30, 1986, Plaintiff NOPE, CG&E, Tri-State Improvement Company, and the Trustees of Pierce Township entered into the 1986 Agreement resolving the disputes and controversies that then existed between the parties regarding the disposal of Utility Waste. See Attachment 2.

11.     As part of the 1986 Agreement, NOPE was granted the Easement dated September 30, 1986 and recorded in Volume 730, Page 286 in the Clermont County land records. See Attachment 1. The Easement was for a greenbelt area over two sections of the "Heekin Property." The Heekin Property is part of the Pond Run Property, after CG&E acquired it from the Heekin family in the early 1980s.

12.     The Easement grants and conveys to NOPE individually and as a trustee for NOPE members and nearby property owners, an easement "to run with the land forever" for "a private greenbelt area to remain in a substantially undisturbed state" on two sections of the Pond Run Property.

13.     NOPE was granted "the right, title and interest to enforce" the Easement.

4

14.     The recorded Easement includes two figures detailing the location and dimensions of the protected areas on the Pond Run Property. Both the larger and the smaller of the two protected areas are at issue in this complaint. The protected areas cover: (a) the larger section, which includes the southeastern edge of the Pond Run Property, running along Nelp Road and Pond Run Road; and (b) the smaller section, which extends from the southwestern corner of the Pond Run Property approximately 2,150 feet east along the southern edge of the Pond Run Property (collectively, the "Greenbelt Area").

15.     The Easement was negotiated as part of the 1986 Agreement in an effort to separate the coal ash disposal areas on the Pond Run Property from nearby residents and to preserve that area in an undisturbed state in perpetuity. The Greenbelt Area has served, and was supposed to continue to serve, as an aesthetic barrier between the coal ash disposal areas on the Pond Run Property and the homes of NOPE members and other Pierce township residents.

16.     Since this Easement was publicly recorded over thirty years ago and because of the protections guaranteed by the Easement, a mature forest had grown in the Greenbelt Area. The larger section of the Greenbelt Area included a grove of pine trees that had grown to a height of approximately fifty feet high.

17.     In late summer 2019 (after the CLP Defendants took over ownership and/or control of the Beckjord site and related properties), a member of NOPE, who resides on Nelp Road, heard loud chainsaw noises coming from the Greenbelt Area. After a preliminary investigation the NOPE member discovered many large trees had been cut down and removed from the section of the Greenbelt Area along the side of Pond Run Road. The damage is visible from Pond Run Road, and confirms that the logging had occurred in the Greenbelt Area, in

5

violation of the Easement. The CLP Defendants either conducted this logging or authorized and allowed the Easement violations.

18.     Further, logging roads have been cut into the Greenbelt Area either directly by Defendants, or because of authorization granted by Defendants. As a result, nearly every large tree of value in the larger protected area has been destroyed and removed.

19.     At least 233 mature trees were cut down and removed from the larger section of the Greenbelt Area, including 73 Pines, 53 Hard Maple, 47 Walnut, and 60 Cherry trees. Many of these trees were between 30 and 50 feet high and several feet in diameter.

20.     Upon information and belief, substantial damage was also done to the smaller section of the Greenbelt Area.

21.     The costs to restore these trees, and to fully restore substantial sections of the Greenbelt Area, are expected to greatly exceed $500,000.00.

22.     NOPE was not warned of or informed about this destruction of the Greenbelt Area and did not consent to the logging of the Greenbelt Area.

23.     The CLP Defendants' actions were intentional, wanton and reckless, and/or negligent.

24.     The CLP Defendants' actions have interfered, and continue to interfere, with NOPE's property rights and to create adverse impacts to NOPE members and their properties.

25.     The CLP Defendants have also enriched themselves to the extent of the value of the resources removed from the Greenbelt Area.

*CLP Defendants' Breaches of the 1986 Agreement for*
*Failing to Provide Required Data and Information*

26.     The 1986 Agreement is fully binding upon all successors and assigns of CG&E. The CLP Defendants are individually and collectively successors, as defined by the 1986 Settlement Agreement and by operation of law, to CG&E. The CLP Defendants are owners of and/or control Beckjord and the related properties used for Utility Waste disposal, and they have assumed the environmental liabilities and duties associated with the properties.

27.     The 1986 Agreement establishes a seven-member committee ("the Committee") to oversee compliance with the terms of the 1986 Agreement. Four members of the Committee are representatives selected by NOPE, two are selected by the Pierce Township Trustees, and one is to be selected by the CLP Defendants.

28.     The Committee functions "for the purpose of: (1) fostering better understanding and communication between [CLP Defendants] and the Trustees and Pierce Township residents ...; (2) reviewing the compliance of NOPE, the Trustees, and [CLP Defendants] with [the Settlement] Agreement, including but not limited to: discussing and reviewing development ***prospects and proposals for the Heekin Property*** ... and necessary changes in Utility Waste disposal plans for the CG&E Property..." (emphasis added).

29.     The 1986 Agreement also requires the CLP Defendants to "share data to explain to the parties what remedial actions have been taken and the reasons the actions were taken; provide the parties similar data on any future remedial actions which may be taken relative to...Utility Waste disposal operations; and provide the parties, at least annually, with information on the environmental impact of [CLP Defendants'] Utility Waste disposal operations."

30.     CG&E and its successors, continue to generate, handle, and dispose of Utility Waste at and around Beckjord. NOPE has been and remains greatly concerned about the impacts of and threats presented by Utility Waste generation, handling, and disposal on NOPE's members, Pierce Township residents, and the Pierce Township environment.

31.     These concerns are heightened because of regulatory loopholes and controversy about formal regulation and because many coal ash disposal sites, like those at Beckjord, are causing, and have been causing, significant environmental problems, including threatening significant contamination of rivers and other drinking water sources. Coal ash is known to present a serious threat to groundwater, soil, and rivers because of the heavy metals and other toxins found in coal ash. Coal ash is also a public health concern because of the toxins present in the material.

32.     At Beckjord, the threat is significant because the ash ponds are unlined and the coal ash contaminants are not isolated from the groundwater. The coal ash is already contaminating underlying groundwater. In addition, every year millions of gallons of coal ash leachate are pumped from the Pond Run Ash Disposal Site into Ash Pond B on the Beckjord site, and there is a direct groundwater pathway for the leachate from Ash Pond B into the Ohio River.

33.     NOPE's concerns include the risk of catastrophic breaches of the dams surrounding the coal ash ponds. Such breaches have occurred around the country in recent years, resulting in homes, rivers, and drinking water supplies being flooded with coal ash.

34.     The US EPA classified the dams separating the Beckjord site coal ash ponds from the Ohio River as "significant hazards," capable of causing significant environmental damage, economic loss, or damage to infrastructure.

8

35.     The four ponds on the Beckjord site contain an estimated 10 billion pounds of coal ash. The inundation maps in Beckjord's emergency action plan show that a breach of Ash Ponds B, C, or C Extension would flood homes and result in ash entering the Ohio River.

36.     The CLP Defendants' ownership of the Beckjord site is also a cause for concern for NOPE. CLP is a company that consists of but a few employees and that, using layers of corporate shells, has assumed and succeeded to enormous environmental liability for the Beckjord site.

37.     Further, upon information and belief, CLP's subsidiary, NRDC, is an underfunded corporate shell that is not committed to eliminating the environmental threats to Pierce Township and the Ohio River posed by the coal ash, and instead was only formed to attempt to insulate CLP and its owners from liability.

38.     In light of the rights and environmental concerns detailed above, NOPE has repeatedly invoked its broad rights to environmental information and data under the 1986 Agreement.

39.     Throughout 2019, NOPE sought information about the long term disposal plans for the Utility Waste, the condition of the Utility Waste disposal areas, and the environmental threats posed by the Utility Waste. For example, NOPE requested a meeting of the Committee, in accordance with the terms of the 1986 Agreement, and sent letters to the CLP Defendants. Those letters requested information and asked the CLP Defendants to comply with their obligations under the 1986 Agreement.

40.     Despite repeated efforts by NOPE, the CLP Defendants have refused to attend Committee meetings and to provide the Utility Waste information to which NOPE is entitled,

including—for example—information about the design and closure plans for the Utility Waste disposal areas, and the environmental impacts of the Utility Waste disposal operations.

41.     NOPE only recently learned that in the spring of 2019, the CLP Defendants unlawfully dumped many tons of coal ash from Ash Pond A into Ash Pond C. The CLP Defendants' refusal to attend Committee meetings, as required by the 1986 Agreement, deprived NOPE of the Utility Waste information and advance notice required by the 1986 Agreement, and denied NOPE its right to protect its members and the environment as set forth in the 1986 Agreement.

42.     Upon information and belief, the CLP Defendants also have plans to excavate and then "flood" a coal ash pond at the Beckjord site with water from the Ohio River. Such waste handling threatens significant contamination of groundwater and the Ohio River. The CLP Defendants' refusal to attend Committee meetings, as required by the 1986 Agreement, deprived NOPE of the Utility Waste information and advance notice required by the 1986 Agreement, and denied NOPE its right to protect its members and the environment as set forth in the 1986 Agreement.

43.     NOPE has an acute need to obtain the full and complete environmental information guaranteed by the 1986 Agreement, as recent events show. Despite repeated requests by NOPE throughout 2019, CLP Defendants have refused to provide such information to NOPE.

44.     As explicitly provided in the 1986 Agreement, NOPE is required to be informed of "development prospects and proposals for the Heekin Property," which includes the Greenbelt Area. The CLP Defendants' failures to notify or inform NOPE of the logging that occurred in the Greenbelt Area are separate and additional violations of NOPE's contractual rights.

## COUNT I – INTERFERENCE WITH AND VIOLATION OF EASEMENT

45.     NOPE hereby incorporates each of the above paragraphs and allegations contained therein as if fully set forth herein.

46.     NOPE holds an Easement over the Greenbelt Area that runs with the land forever and that requires that the Greenbelt Area remain in a substantially undisturbed state.

47.     The CLP Defendants have intentionally, wantonly and recklessly, or negligently violated the terms of the Easement and interfered with NOPE's property rights by cutting down and removing at least 233 mature trees from the Greenbelt Area and by otherwise substantially disturbing and decimating the Greenbelt Area.

48.     As a direct and proximate result of this violation, NOPE has suffered and will continue to suffer direct and consequential damages in an amount in excess of $25,000 and irreparable injury and harm for which there is no complete and adequate remedy at law.

49.     NOPE is entitled to recover compensatory damages as a result of the CLP Defendants' interference with NOPE's property rights, injunctive relief preventing any further logging of the protected greenbelt areas, and a permanent injunction requiring the restoration of the Greenbelt Area to the mature forested state it was in before CLP Defendants violated the Easement.

## COUNT II – UNJUST ENRICHMENT

50.     NOPE hereby incorporates each of the above paragraphs and allegations contained therein as if fully set forth herein.

51.     By logging and removing the mature trees from the Greenbelt Area in violation of NOPE's property rights, a benefit has been conferred upon the CLP Defendants, and the CLP Defendants are aware of this benefit.

52.     It would be unjust for the CLP Defendants to retain the benefits of their Easement violations without payment.

53.     The CLP Defendants have been unjustly enriched in an amount equal to the value of the resources removed from the Greenbelt Area.

## COUNT III – BREACH OF THE 1986 SETTLEMENT

54.     NOPE hereby incorporates each of the above paragraphs and allegations contained therein as if fully set forth herein.

55.     The 1986 Agreement is a written contract to which NOPE and the CLP Defendants are parties.

56.     NOPE has met its obligations under the 1986 Agreement.

57.     The CLP Defendants have intentionally, wantonly and recklessly, or negligently and repeatedly materially breached the 1986 Agreement by failing to inform NOPE of the CLP Defendants' plans for the Greenbelt Area.

58.     The CLP Defendants have intentionally, wantonly and recklessly, or negligently and repeatedly materially breached the 1986 Agreement by repeatedly failing to provide NOPE with Utility Waste information, including data and information on the impacts of Utility Waste operations and remedial actions taken or contemplated.

59.     As a direct and proximate result of these breaches, NOPE has suffered and will continue to suffer direct and consequential damages in an amount in excess of $25,000.00 and/or irreparable injury and harm for which there is no complete and adequate remedy at law.

60. NOPE is entitled to specific performance and/or an award of damages necessary to place NOPE in the same position it would have been in had the CLP Defendants fully performed under the 1986 Agreement and if the Defendants had not decimated the Greenbelt Area.

## COUNT IV – DECLARATORY JUDGMENT

61. NOPE hereby incorporates each of the above paragraphs and allegations contained therein as if fully set forth herein.

62. An actual, real justiciable controversy exists between NOPE and the CLP Defendants and NOPE and the Defendants are adverse to one another regarding obligations under the 1986 Agreement.

63. NOPE is entitled to a declaration of its rights under the Easement.

64. NOPE is entitled to a declaration that the CLP Defendants have a duty under the 1986 Agreement to provide the environmental information sought by NOPE and advance notice of plans by CLP Defendants for the Greenbelt Area.

65. Such declaratory relief will effectively decide the parties' rights regarding these issues.

66. Such declaratory judgment is of great importance and utility, as it will allow the parties to assess their ultimate rights and obligations under the foregoing contracts and easement. Withholding such speedy relief would work a severe hardship on NOPE and lead to the impairment or loss of rights.

## PRAYER FOR RELIEF

WHEREFORE, NOPE demands the Court enter an Order and Judgment:

A. Granting a preliminary injunction preventing further logging in the Greenbelt Area and other areas protected by the Easement;

B. Granting a permanent injunction requiring the Greenbelt Area be restored to the mature forested state it was before the logging;

C. Granting a declaratory judgment that the CLP Defendants are required to provide the environmental information sought by NOPE and information about any proposal affecting the greenbelt areas, including the Greenbelt Area;

D. Granting an Order requiring the CLP Defendants to fully and completely provide NOPE with all environmental information and data required by the 1986 Agreement;

E. Awarding damages (including attorneys' fees), with interest, resulting from the CLP Defendants' violations of the Easement, breaches of the 1986 Agreement, and Defendants' unjust enrichment; and

F. Awarding costs, pre- and post-judgment interest, and any other relief as may be appropriate, including attorneys' fees.

Dated: *December 31, 2019*

Respectfully submitted,

D. David Altman (0021457), *Trial Attorney*
Justin D. Newman (0080968)
AltmanNewman Co. LPA
15 E. 8th Street, Suite 200W
Cincinnati, Ohio 45202

(513)721-2180
daltman@environlaw.com
jnewman@environlaw.com
*Attorneys for Plaintiff*

## Jury Demand

Plaintiff hereby demands a trial by jury on all issues so triable.

D. David Altman (0021457), *Trial Attorney*
Justin D. Newman (0080968)
AltmanNewman Co. LPA
15 E. 8th Street
Cincinnati, Ohio 45202
(513) 721-2180
daltman@environlaw.com
jnewman@environlaw.com
*Attorneys for Plaintiff NOPE*

## **Instructions for Service**

TO THE CLERK:

     Please issue a summons together with a copy of the complaint upon the within named Defendants by certified mail, return receipt requested, where they may be located, to wit:

New Richmond Development Corporation, LLC
17014 New College Ave., Suite A
Grover, Missouri 63040

Statutory Agent:
Joseph E. Budde, Esq.
259 West Schrock Rd.
Westerville, Ohio 43081

Commercial Liability Partners, LLC
2275 Cassens Drive
Fenton, MO 63026

# ATTACHMENT 1

iVOL 730 PAGE 286

019491

EXHIBIT E

**EASEMENT FOR GREENBELT AREA**
(Heekin Property)

FOR VALUE RECEIVED, receipt of which is hereby acknowledged, The Cincinnati Gas & Electric Company, an Ohio corporation, ("CG&E"), being the owner of the real estate described on Attachment 1, attached hereto, (referred to herein as the "Heekin Property") hereby grants and conveys to Neighbors Opposing Pit Expansion, Inc. ("NOPE") individually and as trustee for the non-exclusive use and benefit of NOPE and, Thomas and Judith Schwab, 2919 Pond Run, New Richmond, Ohio 45157, being the owner of the real estate described in Deed Book 579, Page 374, Clermont County, Ohio Records; Ronald and Jenny Johnson, 2902 Pond Run, New Richmond, Ohio 45157, being the owner of the real estate described in Deed Book 632, Page 427, Clermont County, Ohio Records; and Robert S. and Joan S. Lohrey, 3778 Pond Run, New Richmond, Ohio 45157, being the owner of the real estate described in Deed Book 499, Page 374, Clermont County, Ohio Records, said individuals being owners of real estate contiguous to or in the vicinity of the Heekin Property and among other NOPE members, who are property owners who own land and/or reside in proximity to the Heekin Property, all of whom shall be collectively referred to as the "Heekin Neighbors" to run with the land forever, an easement for a private greenbelt area to remain in a substantially undisturbed state, designated as "Green Belt Area" and depicted on Attachment 2.

The determination by a court of competent jurisdiction that any provision, or portion, of this easement is invalid or unenforceable for any reason shall not affect the validity and enforceability of any other provision or portion thereof.

This grant shall be binding upon and shall inure to the benefit of NOPE and the Heekin Neighbors, their respective successors and assigns, including any successor owner of the Heekin Neighbors real estate and any successor entity of NOPE, it being expressly provided that NOPE shall have the right, title and interest to enforce this easement on behalf of NOPE itself acting individually and/or acting on behalf of the Heekin Neighbors, provided, that if NOPE is dissolved or liquidated without provision for a successor entity, any right, title or interest or

VOL 730 PAGE 287

benefit of NOPE shall inure to and merge with the benefit of the Heekin Neighbors, their respective successors and assigns except that the right to enforce this easement on behalf of the Heekin Neighbors shall pass to the Trustees of Pierce Township or its successors (Trustees), as trustee for the Heekin Neighbors. The right of NOPE or its successors to enforce this easement shall not be transferred to any non-Pierce Township organization or group.

Enforcement of this easement shall be solely by NOPE, its successors and assigns, as defined above; the Trustees, as provided above. No third party shall acquire any cause of action or other claim against either party for the non-performance of its duties.

IN WITNESS WHEREOF, this instrument was executed as of this 30 day of September 1986 by W. H. DiCkharter, the President of The Cincinnati Gas & Electric Company, an Ohio corporation.

SIGNED AND ACKNOWLEDGED          THE CINCINNATI GAS & ELECTRIC
IN THE PRESENCE OF               COMPANY

_____          By_____
                                    PRESIDENT
_____

STATE OF OHIO      )
                   ) SS:
COUNTY OF HAMILTON )

The foregoing instrument was acknowledged before me this 30 day of September, 1986 by W. H. DICKHONER, President of The Cincinnati Gas & Electric Company, an Ohio corporation, on behalf of the corporation.

_____
Notary Public
VIRGINIA P. MUHLHOFER
Notary Public, State of Ohio
My Commission Expires July 29, 1987

THIS INSTRUMENT WAS PREPARED JOINTLY THROUGH NEGOTIATION BETWEEN CG&E'S LEGAL DEPARTMENT, COUNSEL FOR NOPE, AND COUNSEL FOR THE TRUSTEES OF PIERCE TOWNSHIP.

**EXHIBIT E**
**ATTACHMENT 1**

VOL 730 PAGE 288

**Parcel No. I**

Situated in Clermont County, State of Ohio, Pierce Township, Wm. Fowler Survey No. 261 and being more particularly described as follows:

Beginning at a point in the south line of Heekin's original 85.56 Acre tract as recorded in Deed Book 296, page 148 of the Clermont County Records, which point is North 67°30' East, 1198.52 feet from an old stone said stone being North 67°45' East, 3586.44 feet from a stone in the center line of the New Richmond and Ohio River Pike; thence North 22°30' West, 649.57 feet to an iron pipe; thence South 67°28'50" West, 3140.09 feet to a pin on the easterly line of the lands of the Ohio Valley Electric Corporation; thence North 14°42' West, 852.29 feet with the easterly line of a 55.23 Acre tract recorded in Deed Book 296, page 234 to a point on the northerly line of Heekins original 131.34 A. tract as recorded in Deed Book 296, page 148; thence North 71°30' East, 412.09 feet to an old stone; thence North 62°15' East, 396.00 feet to a stone corner; thence North 20°30' West, 171.93 feet to a stone corner; thence North 67° East, 1019.04 feet to a stone corner; thence North 62° East, 139.26 feet to a stone in the most northerly corner of said Heekin 131.34 A. tract; thence, North 64° East, 544.00 feet to a stone; thence North 69°15' East, 1603.00 feet to a point in Fowler's Survey line in the middle of Pond Run Road; thence South 15°30' East, 1751.00 feet with Survey line; thence South 67°30' West, 977.48 feet to the place of beginning, containing 114.21 acres more or less.

Being part of the same premises transferred to Walter J. Heekin, Patricia H. Ryan, John G. Heekin, Ann B. Backmeyer, Martha H. Bunker, Marian H. Torbeck, and Mary Francis Fitzgerald Trust, Walter J. Heekin and John G. Heekin, Trustees, under the Last Will and Testament of Ethel C. Heekin deceased by Certificate of Transfer recorded in Book 596, page 541, Clermont County, Ohio records.

**Parcel No. II**

Situated in Pierce Township Clermont County, Ohio and in Finley Military Survey No. 1763 and more particularly described as follows:

Beginning at a point in the centerline of Pond Run Road at the intersection of the west line of Finley Military Survey No. 1763, thence S. 49°47' E. 104.30' with the centerline of said Pond Run Road to a spike, thence still with said centerline S. 40°53' E. 107.03' thence leaving said road S. 71°43' W. 95.45' to a stone in the west line of Finley Military Survey No. 1763 and corner to Ethel Heekin and John Heilker, thence with said Military Survey line N. 18°17' W. 187.68' to the

place of beginning and containing 0.226 acre of land and
subject to legal highways.                    VOL 730 PAGE 289

The above described real estate is a part of the same
premises conveyed as recorded in Deed Book 334, page
509 Parcel No. 4 of the Clermont County Deed Records.
For further reference see Deed Books 230, page 446;
page 114; and 117, page 53.

Being the same premises conveyed by Deed recorded in
Deed book 596, page 541 Clermont County, Ohio records,
excepting therefrom the following described property:

Situated in Pierce Township, Clermont County, Ohio and
in Fowler Military Survey No. 261 and more particularly
described as follows:

Beginning at a point in the centerline of Pond Run Road
at the intersection of the east line of Fowler Military
Survey No. 261 thence with the centerline of said Pond
Run Road N. 49° 47' W. 15.48' to a spike N. 20°07' W.
107.93' to a spike, N. 30°55' W. 269.48' to a stake,
N. 8°53' W. 230.63' to a stake, N. 27°05' W. 157.30',
thence leaving said road N. 73°41' E. 56.95 to a stone
in the east line of Fowler Military Survey No. 261 and
corner to Frank Weisenfolder, thence with Military Survey
line S. 18°17' E. 765.19' to the place of beginning and
containing 0.702 acre of land and subject to legal highways.

Being the same premises conveyed to Margaret B. Barne by
Deed recorded in Deed Book 409 page 282 Clermont County,
Ohio records.

Prior Deed Reference:  Vol. 658, Page 560



VOL 730 PAGE 290

ROAD DETAIL
SCALE: N.T.S.

019491

VOL 730 PAGE 291

FOR EXCLUSION TO
GREEN BELT AREA
SEE ROAD DETAIL

POND RUN RD.

1100'

1000' RADIUS

1000'

GREEN BELT AREA

2100'

15°

RECEIVED FOR RECORD
KENNETH A. KAHLE SR.
RECORDER

1986 NOV -6 AM 11: 37

CLERMONT COUNTY
BATAVIA, OHIO

VOL ___ PG ___

18⁰⁰

EXHIBIT & ATTACHMENT 2
EASEMENT FOR
GREENBELT AREA

W. C. BECKJORD STATION

THE CINCINNATI GAS & ELECTRIC COMPANY

# ATTACHMENT 2

9/29/86

## SETTLEMENT AGREEMENT

### W I T N E S S E T H:

WHEREAS, The Cincinnati Gas & Electric Company, an Ohio corporation, ("CG&E"), is an electric and gas utility company which owns and operates power production facilities in Pierce Township, Clermont County, Ohio;

WHEREAS, Tri-State Improvement Company an Ohio corporation ("Tri-State"), a wholly-owned subsidiary of CG&E, has acquired certain real estate consisting of approximately 233 acres as shown on the site plan attached hereto as Exhibit A (the "Tri-State Property") to which legal title is held in the name of Tri-State by virtue of a conveyance dated March 14, 1985 and recorded on March 19, 1985, in Volume 703, page 506, Clermont County, Ohio, Deed Records;

WHEREAS, the Tri-State Property is divided into an area of approximately 106 acres to the west of Pond Run Road (the "Tri-State I Property") and approximately 127 acres to the east of Pond Run Road (the "Tri-State II Property") both of which are shown on Exhibit A;

WHEREAS, CG&E has a need to dispose of the Utility Waste which is a by-product of generating electricity at its Beckjord facility;

WHEREAS, CG&E has a need to remove soil and clay from the Tri-State I Property in order to implement GAI's conceptual plan regarding ash disposal;

9/29/86

WHEREAS, John M. Russo and Victorine L. Russo (the "Russos") are the owners of certain real estate also shown on Exhibit A, (the "Russo Property"), which real estate is contiguous to and partially circumscribed by the Tri-State I Property;

WHEREAS, Russell and Marsha Falk, 1075 Bristol Road, New Richmond, Ohio 45157, Carl and Helen Nelp, 3058 Nelp Road, New Richmond, Ohio 45157, and Donald and Susan Smith, 3052 Pond Run Road, New Richmond, Ohio 45157, own real estate contiguous to the north, west and south borders, respectively, of the Tri-State I Property and are among other NOPE members who are property owners who own land and/or reside in proximity to the Tri-State I Property all of whom shall be collectively referred to as the "Tri-State I Neighbors";

WHEREAS, Donald and Margaret Kelley, 3168 Pond Run Road, New Richmond, Ohio 45157, Andrew and Jean Donaldson, 1360 Indian Ridge Trail, New Richmond, Ohio 45157, and Otto and Bea Ornella, 3009 Motts Road, New Richmond, Ohio 45157, own real estate contiguous to the north, east and south borders, respectively, of the Tri-State II Property and are among other NOPE members who are property owners who own land and/or reside in proximity to the Tri-State II Property all of whom shall be collectively referred to as the "Tri-State II Neighbors". The aforesaid properties owned by the Tri-State I Neighbors and the Tri-State II Neighbors are collectively referred to herein as the "Tri-State Neighbors Property";

WHEREAS, CG&E owns approximately 735 acres of land immediately to the east of Highway 52, as shown on the Conceptual Development Plan attached hereto as Exhibit B (the "CG&E Property"), on which it presently disposes of ash;

WHEREAS, the CG&E Property includes approximately 114.436 acres of land (the "Heekin Property") shown on Exhibit B to which legal title is held in the name of CG&E by virtue of a conveyance dated March 26, 1981, and recorded on or about April 21, 1981, in Volume 658, page 580, Clermont County, Ohio, Deed Records;

WHEREAS, Thomas and Judith Schwab, 2919 Pond Run, New Richmond, Ohio 45157, Ronald and Jenny Johnson, 2902 Pond Run, New Richmond, Ohio 45157, and Robert S. and Joan S. Lohrey, 3778 Pond Run, New Richmond, Ohio 45157, own real estate contiguous to or in the vicinity of the Heekin Property and are among other NOPE members who are property owners who own land and/or reside in proximity to the Heekin Property all of whom shall be collectively referred to as the "Heekin Neighbors";

WHEREAS, Neighbors Opposing Pit Expansion, Inc. ("NOPE") is an Ohio non-profit corporation comprised of people interested in the matters set forth herein, including Tri-State I Neighbors, Tri-State II Neighbors, Heekin Neighbors, Pierce Township residents and property owners who own land and/or who reside in the proximity to the Tri-State Property, the CG&E Property and the Heekin Property;

-3-

9/29/86

WHEREAS, Paul Strosnider, Dan Owings and Harley Clark ("Trustees") are the Trustees of Pierce Township, Clermont County, Ohio;

WHEREAS, certain controversies and disputes have arisen between and among the parties hereto concerning the potential use by CG&E of the Tri-State Property and the Heekin Property as areas for disposal of "Utility Waste":

WHEREAS, the parties hereto are concerned with among other things, the health, safety and welfare of the present owners and the future owners of the CG&E Property, the Tri-State Property, the Heekin Property, the Russo Property, the property of the Tri-State I Neighbors, the property of the Tri-State II Neighbors, the property of the Heekin Neighbors and the property of other Pierce Township property owners and residents in proximity to the CG&E Property;

WHEREAS, NOPE filed a notice of citizen's suit dated May 28, 1985 alleging violations of federal law by CG&E;

WHEREAS, the Trustees filed a petition with the Power Siting Board under Case No. 01-00012 seeking to invoke the jurisdiction of the Power Siting Board over the expansion of CG&E's Utility Waste disposal sites;

WHEREAS, the parties hereto have amicably resolved and settled the aforesaid controversies and disputes, and as part of such settlement have agreed to establish a general plan, which provides for certain restrictions, covenants and easements described herein:

9/29/86

WHEREAS, among the purposes of said plan are to provide for the continued disposal activities of CG&E in an environmentally sound manner which takes into consideration the protection of the character of: the Russo Property; the property of the Tri-State Neighbors; the property of the Heekin Neighbors; and the property of other Pierce Township residents in proximity to the CG&E property:

WHEREAS, "Utility Waste" includes boiler slag, fly ash, bottom ash, pyrites, desulfurization sludge, residues and mixtures of such wastes and all other types of wastes which have been or will continue to be generated at the Beckjord Station as a direct or indirect result of the combustion of fossil fuel used to produce steam for the generation of electricity for the public:

NOW, THEREFORE, in consideration of the mutual agreements and in furtherance of the purposes above recited, it is hereby agreed as follows:

1.  CG&E shall for a minimum of thirty years from the date of this Agreement confine the disposal of its Utility Waste in Pierce Township to the CG&E Property.  CG&E will continue to store and/or dispose of Utility Waste on the Beckjord site located west of U.S. Route 52.  Disposal of fly ash, bottom ash, and mixtures and residues of fly ash and bottom ash shall be done in the approximate locations identified as "valley fill areas" on Exhibit B (or other valley fill areas confined to the CG&E Property) and carried out in accordance with the specifications noted on the GAI

-5-

DDA:mg
9/29/86

Consultants, Inc. Conceptual Design attached hereto as Exhibit
C, except that CG&E will complete the dry fly ash fill at the
northwest corner of Nelp and Beckjord Roads, with a projected
storage life of two to three years. Disposal techniques shall
include the use of the "valley fill" disposal method as
defined by the GAI Consultants, Inc. Conceptual Design
attached hereto as Exhibit C and the treatment of all Utility
Waste prior to disposal to render it pyrite-free. All fills
will emulate the existing terrain as shown on Exhibit B, and
the disposal of pond ash will be confined to lined areas
engineered to cause the run off, which has come in contact
with pond ash, and leachate from said areas to drain back
across the CG&E property toward the Beckjord Power Station.
All disposal shall be conducted in a manner that conforms with
all applicable local, state and federal laws and regulations
and shall meet engineering and environmental standards to
protect the environment.

2.  Neither NOPE, its members, nor any other party to
this Agreement shall file a citizens' lawsuit pursuant to its
May 28, 1985 notice or any similar lawsuit resulting from ash
disposal activities as of January 10, 1986.

3.  Pierce Township shall dismiss its petition before
the Ohio Power Siting Board (OPSB), in Case No. 01-00012 or,
if the OPSB has taken action, Pierce Township shall not pursue
any appeal.

4.  Throughout the term of this Agreement, NOPE,
CG&E, and the Trustees shall designate and maintain

-6-

9/29/86

designation of a committee with seven representatives – four
selected by NOPE, two selected by the Trustees, (with one of
those two being a non-NOPE member), and one CG&E employee who
collectively shall form a committee (the "Committee") which
shall meet periodically or at the request of any of the
parties hereto for the purpose of: (1) fostering better
understanding and communication between CG&E and the Trustees
and Pierce Township residents (It is agreed that the Committee
shall advise CG&E of any complaints of any neighbors which are
made known to the Committee's members so that CG&E might have
a reasonable opportunity to provide a proposed resolution to
the problem before the parties seek other recourse.); (2)
reviewing the compliance of NOPE, the Trustees, and CG&E with
this Agreement, including but not limited to: discussing and
reviewing development prospects and proposals for the Heekin
Property and the Tri-State I Property and necessary changes in
Utility Waste disposal plans for the CG&E Property; and,
discussing and reviewing marketing, sales and development
prospects and proposals for the Tri-State II Property. CG&E
will provide to the Committee at least sixty days' advance
written notice together with detailed plans and specifications
of any proposed use, improvement or development of the
Tri-State I Property or the Tri-State II Property as long as
such properties are under the ownership of CG&E or its
subsidiaries. CG&E will provide reasonable advance notice for
activities which, by their nature, do not allow for a sixty
day advance notice.

DDK:mg
9/29/86

5.  Notwithstanding any lesser period of time set
forth in any restrictive covenant attached as an exhibit
hereto, CG&E shall never place Utility Waste on the Tri-State
Property or any part thereof nor make any public utility use
of the Tri-State Property except for the plan to remove dirt
and clay ("dirt removal") from the Tri-State I Property, as
set forth in Paragraph 6, below.

6.  The Tri-State Property shall not be developed or
used by CG&E, Tri-State or any successor thereto, for any
public utility purpose, whether for power production or any
other public utility commercial purpose, except that (1) CG&E,
Tri-State, its successors, assigns, lessees, permittees and
licensees, reserve unto themselves rights of way and easements
in, over and through the Tri-State Property to construct,
reconstruct, enlarge, modify, operate, maintain, repair,
relocate, replace and remove either underground, above ground
or overhead equipment used for the distribution of gas or the
distribution of electric service, including but not limited to
lines, distribution substations, poles, conduits, wires,
cables, manholes, anchors, meters, grounding systems,
counterpoises, communication circuits, pipelines, vents,
meters, regulators, gauges, and regulating pits or stations,
used for the purpose of providing electric, gas or other
public utility service to consumers or users located on the
Tri-State Property or users in developments contiguous thereto
for the purpose of providing efficient distribution of public
utility service to the Tri-State Property area, and, except

-8-

that (2) the portion of the Tri-State Property identified as the "Dirt Removal Area" on Exhibit A may be used by CG&E to supply dirt and clay for hauling and use by CG&E for use on CG&E Property, provided, however, that plans for any such dirt removal and hauling shall be shared with the Committee as set forth in paragraph 4 above and shall, additionally, be subject to the following criteria unless otherwise specifically waived or approved in writing sent or delivered to the owner(s) of the Tri-State Property by NOPE:

(a)  Such dirt removal and hauling shall be done in an environmentally sound manner and shall be done in compliance with all applicable federal, state and local laws, regulations and ordinances.

(b)  Dirt removal operations shall be set back from the property boundary lines, with establishment of green belt areas as more specifically shown on Exhibit A.  All such green belt areas shall be marked in the field and readily verifiable.

(c)  Grass, tall pine trees or other foliage-covered berming shall be provided by CG&E as shown on Exhibit A.

(d)  Excavation of clay or dirt from the aforementioned property shall be conducted using reasonable engineering practices.  Stockpiling of excavated materials shall be permitted for short and reasonable periods of time necessary to facilitate excavation.

(e)  Dirt removal and hauling shall be normally restricted to Monday through Friday, 7:30 a.m. to 5:30 p.m.

(f)  CG&E, after consultation with the Committee and appropriate consultants, such as a licensed landscape architect concerning contouring of land, shall develop a reasonable plan for the removal of dirt in multi-acre segments and the revegetation of the land as dirt removal from each segment is completed.  In no event shall any segment of any part thereof remain for more than a twelve month period without being revegetated.

(g)  Excavation of dirt or clay from the aforementioned property shall be conducted using reasonable engineering practices so that it does not adversely and materially affect or impair surface water drainage or runoff to the detriment of any neighboring property.

(h)  Using reasonable engineering practices, CG&E shall control fugitive dust from the aforementioned property.

(i)  CG&E shall use reasonable efforts to keep the public roadways reasonably clean and free of falling dirt, mud, and other debris, and shall, with reasonable promptitude, clear the public roadways of dirt, mud, and other debris and repair any damage to the public roadways resulting from its dirt removal or hauling operations.

(j)  Throughout the period of use of the Tri-State Property for dirt removal purposes, CG&E shall work with the Committee to identify restrictions or measures in

-10-

addition to those set forth in this item (paragraph 6.), which shall take into consideration the preservation and protection of the present character and aesthetics of the Russo property and neighboring properties, as may be deemed necessary or desirable by agreement of both CG&E and the Committee.

(k)  At appropriate and reasonable times as removal operations are completed in accordance with subparagraph 6(f) above, and with the exception of a permanent green belt area on the westernmost portion of the property, Tri-State shall convey any such completed segments to the Trustees, if said conveyance is acceptable to the Trustees, for community development purposes, such as for open spaces, green belts, lake(s), and/or riding trail(s), or for other community development purposes acceptable to the Committee and the Trustees.  If the Trustees refuse to accept any said conveyance, then CG&E shall offer to provide said property to the community for community purposes.  All conveyances hereunder shall be of contiguous property and shall have frontage upon or access to a public highway, and shall be conveyed by general warranty deed in recordable form, with all required cut-up approvals, free, clear and unencumbered except for restrictions set forth herein.  In the event the Trustees accept said property, the deed shall contain a covenant to hold the Trustees harmless for any environmental damage resulting from the sole negligence of Tri-State.

Tri-State and the Trustees shall execute all documents necessary to carry out any conveyance and CG&E shall

9/29/86

pay all reasonable expenses customarily paid by grantors.

(l)  Until such time as all of the Tri-State I Property is deeded to the Trustees for said community purposes, CG&E shall maintain in a substantially undisturbed state, the portions of the Tri-State I Property not being utilized as part of the dirt removal operations.  Nothing herein shall preclude CG&E from performing necessary maintenance activities, including but not limited to removal of undesirable structures and wells and cisterns.

(m)  No oil drilling, quarrying or mining operations shall be permitted upon the Tri-State I Property.  Nothing herein shall prevent CG&E from removing soil and dirt from the Tri-State I Property in accordance with the restrictions and controls set forth in this instrument.

7.  CG&E shall, no later than sixty days after execution of this Agreement, place the Tri-State II Property on the market for sale by advertising it and/or listing it with a realtor having a recognized ability to sell property in Clermont County, Ohio.  CG&E shall meet with the Committee to discuss said development and sale.  The Committee may advise CG&E of the kind and type of development which will cause the Tri-State II Property to be sold in accordance with the provisions of Paragraph 8, below.

8.  CG&E shall sell the Tri-State II Property, in whole or in segments, at such time as it receives a bona fide offer(s) from which it would receive net proceeds averaging at least $3,000 per acre for the total tract, plus a reasonable

-12-

9/29/86

rate of return from March 1, 1985 to the date of sale.
Notwithstanding the above, CG&E shall not be required to sell
any part(s) of the total tract, if, in its opinion, such sale
would decrease its ability to sell the then remainder of the
total tract.  Nothing herein shall deprive CG&E of its right
to sell the land for a lesser amount than that set forth in
this paragraph.

    9.  CG&E, Tri-State and the Russos, in consideration
of mutual agreements and in furtherance of the purposes cited,
together with the support, approval and agreement of NOPE and
the Trustees, shall declare the restrictions and covenants set
forth in the Declaration of Restrictions and Covenants,
attached hereto as Exhibit D, to be restrictions and covenants
running with the land, to be binding upon all present and
future owners of the Tri-State Property and of the Russo
Property and upon all residents, developers, users, and
parties claiming under them and they shall inure to the
benefit of all present and future owners of the Tri-State
Property and of the Russo Property and to all residents,
developers, users and parties claiming under them.  CG&E shall
cause such Declaration of Restrictions and Covenants to be
recorded in the Recorder's Office in the Courthouse of
Clermont County, Ohio in the respective chains of title for
the Tri-State I Property, the Tri-State II Property and the
Russo Property.

    10.  CG&E shall grant and convey to NOPE individually
and as trustee for the nonexclusive use and benefit of NOPE

and the Heekin Property Neighbors an easement for private greenbelt shown as "Greenbelt Area" on Exhibit B and described as the easement attached in Exhibit E. CG&E shall make no public utility use of this substantially undisturbed portion of the Heekin Property. CG&E shall restrict its Utility Waste disposal to the area designated "Valley Fill I" and the "Pond Ash Disposal Site" as shown on Exhibit B, except that the parties agree that the boundaries of Valley Fill I may vary by no more than fifty feet from those shown, and that the exact location of the Pond Ash Disposal Site may vary from that shown on Exhibit B provided that it is not located within the Greenbelt area or the Valley Fill I area and further provided that the Pond Ash Disposal Site complies with the requirements of Paragraph 1.

11. CG&E represents that CG&E, in consultation with GAI Consultants, Inc., has conducted remedial work to correct leachate drainage problems in or on its existing ash disposal facilities. CG&E will, through the Committee: share data to explain to the parties what remedial actions have been taken and the reasons the actions were taken; provide the parties similar data on any future remedial actions which may be taken relative to CG&E's Utility Waste disposal operations; and provide the parties, at least annually, with information on the environmental impact of CG&E's Utility Waste disposal operations.

12. Any modification of this Agreement shall be null and void unless in writing and signed by all of the parties

DDA:mg
9/29/86

hereto.

13.  The determination by a court of competent
jurisdiction that any provision, or portion, of this Agreement
is invalid or unenforceable by all or any party hereto for any
reason shall not affect the validity and enforceability of any
other provision or portion thereof by all or any other parties
hereto.

14.  Enforcement of the terms of this Agreement shall
be solely by NOPE, the Russos, the Trustees, Tri-State and
CG&E unless otherwise provided by this Paragraph 14.  Each
party hereto acknowledges that each other party is a
beneficiary of this Agreement and that enforcement of this
Agreement may be sought by each party against any party or
entity violating any term of this Agreement; and, therefore,
each party shall be entitled to any or all appropriate relief
in law or in equity, including but not limited to actions for
damages, to restrain or otherwise enjoin violations, and/or to
enforce compliance with or specific performance of this
Agreement.

The NOPE members, their successors and assigns, who
become NOPE members, and future NOPE members who join the
organization after the date of this Agreement, agree to be
bound by all terms contained herein and are beneficiaries
having rights under this Agreement.  However, said NOPE
members hereby irrevocably assign, except as provided below in
this subparagraph of Paragraph 14, their rights of enforcement
of this Agreement to NOPE.  NOPE shall have the exclusive

DRAFT
9/29/86

right of enforcement of this Agreement on behalf of each
individual NOPE member unless it is determined by a court of
competent jurisdiction that NOPE or any successor corporation
is legally unable to enforce this Agreement on behalf of one
or more individual NOPE members. In such event,
notwithstanding the irrevocable assignment noted above, the
individual NOPE members shall have the right to enforce his or
her individual rights under this Agreement. Neither NOPE nor
its individual members shall initiate or participate in any
action which seeks to have said irrevocable assignment
nullified or withdrawn. If NOPE is dissolved or liquidated as
a corporation without provision for a successor corporation
then all individual enforcement rights of said NOPE members
shall be null and void. The names of all NOPE members as of
the date of this Agreement are listed on Exhibit F, attached
hereto. NOPE shall provide, upon written request by CG&E, one
time during each year a revised membership list to CG&E.

No third party shall acquire any cause of action or
other claim against any of the parties for non-performance of
its duties. It is expressly recognized and agreed that each
party to this Agreement has legal standing to enforce this
Agreement against any other party hereto and that NOPE has a
continuing legal interest in the matters specifically
enumerated in this Agreement and it is thus expressly agreed
that NOPE and its successor corporations have the right to
enforce this Agreement on behalf of itself and its members.
No party hereto shall raise as a defense in any proceeding to

DDA:mg
9/29/86

enforce this Agreement the lack of standing of the party
bringing the action.

15.  Any right, duty, interest, obligation, benefit
or burden established hereunder upon CG&E or Tri-State shall
be fully binding upon its/their respective successors and
assigns including any successor public utility owners of the
CG&E or Tri-State Property.

Any right, duty, interest, obligation, benefit or
burden established hereunder in favor of the Russos or the
individual NOPE members shall inure to the benefit of and be
fully enforceable as provided by Paragraph 14 by their
respective successors and assigns (provided that NOPE members'
successors and assigns join NOPE) including all future owners
of the Russo Property and all future NOPE members who join the
organization after the date of this Agreement.

Any right, duty, interest, obligation, benefit or
burden established hereunder in favor of NOPE shall inure to
the benefit of any successor corporation to NOPE, provided
however that if NOPE is dissolved or liquidated without
provision for a successor corporation, any right, duty,
interest, obligation or benefit or burden of NOPE, (except as
to enforcement rights of NOPE) shall inure to and merge with
the benefit of the then owner(s) of the Russo Property and the
then owner(s) of the Heekin Neighbors Properties and the
Tri-State Neighbors Properties.  The enforcement rights of
NOPE, if NOPE is dissolved or liquidated without any successor
corporation, shall inure to and merge with the rights of the

-17-

DDA:mg
9/29/86

Trustees. The right of NOPE to enforce this Agreement shall not be assigned or transferred to any non-Pierce Township organization or group.

Any right, duty, interest, obligation, benefit or burden established hereunder in favor of the Trustees shall inure to the benefit of any successor trustees of Pierce Township, or if the subject area becomes incorporated, as a municipality or otherwise, to the benefit of the then existing city council or corresponding legislative authority.

16. This Agreement shall be construed under and in accordance with the laws of the State of Ohio and the laws of the United States of America.

IN WITNESS WHEREOF, this Declaration has been executed as of this 30ᵗʰ day of September, 1986.

Signed and acknowledged
in the presence of:

SIGNATURES

TRI-STATE IMPROVEMENT CO.

By _____

PRESIDENT

Address 139 E. Fourth
Cincinnati, Ohio, 45201

THE CINCINNATI GAS & ELECTRIC CO.

By _____

PRESIDENT

Address 139 E. Fourth
Cincinnati, Ohio, 45201

-18-

DUA:mg
9/29/86

NEIGHBORS OPPOSING PIT
EXPANSION, INC.

*Robert S. Lohey*

*Marcia Falk*

By _Russell W Feik_
                           *president*
Address _1075 Bristol Rd_
        _New Richmond, OH 45157_

*Robert S. Lohrsey*

*Marcia Falk*

By _Carolyn M. Saer_
                           *SECRETARY*
Address _2922 Pond Run Road_
        _New Richmond OH 45157_

*Robert S. Lohey*

*Marcia Falk*

By _Marjorie A. Killerman_
                           *Treasurer*
Address _1145 Fagin Run Rd._
        _New Richmond, L. 45157_

THE RUSSOS

*John M Russo*
John M. Russo

*Victorine L Russo*
Victorine L. Russo

Address:   3085 Pond Run Road
           New Richmond, Ohio
           45157

*Robert S. Lohey*

*Marcia Falk*

*Robert S. Lohey*

*Marcia Falk*

DVA:mg
9/29/86

THE TRUSTEES OF PIERCE TOWNSHIP,
CLERMONT COUNTY, OHIO

(1) _Paul Strosnider_
Paul Strosnider, Trustee

(2) _Daniel H. Owings_
Dan Owings, Trustee

(3) _Harley Clark_
Harley Clark, Trustee

Address: 950 Locust Cor. Rd.
Cinti., Oh. 45245

STATE OF OHIO        )
                     ) SS.
COUNTY OF Hamilton   )

    The foregoing instrument was acknowledged before me
this 30th day of September, 1986, by
W.H. DICKHONER, the PRESIDENT of
Tri-State Improvement Co., an Ohio corporation, on behalf of
the corporation.

_Virginia P. Muhlhofer_
Notary Public - State of Ohio
VIRGINIA P. MUHLHOFER
Notary Public, State of Ohio
My Commission Expires July 28, 1937

STATE OF OHIO        )
                     ) SS.
COUNTY OF Hamilton   )

    The foregoing instrument was acknowledged before me
this 30th day of September, 1986, by
W.H. DICKHONER, PRESIDENT, of
Cincinnati Gas & Electric Company, an Ohio corporation, on
behalf of the corporation.

_Virginia P. Muhlhofer_
Notary Public - State of Ohio
VIRGINIA P. MUHLHOFER
Notary Public
My Commission

- -20-

DDA:mg
9/29/86

STATE OF OHIO      )
                    ) SS.
COUNTY OF        )

         The foregoing instrument was acknowledged before me this 29th day of _September_ , 1986, by _Russell W. Falk_ , _Carolyn M. Saenz_ , _Marjorie A. Kellerman_ , of Neighbors Opposing Pit Expansion, Inc., a non-profit corporation, on behalf of the corporation.

                              _____
                              Notary Public – State of Ohio

                              DENNIS DAVID ALTMAN, Attorney at Law
                              NOTARY PUBLIC - STATE OF OHIO
                              My Commission has no expiration
                              date. Section 147.03 R.C.

STATE OF OHIO      )
                    ) SS.
COUNTY OF        )

         The foregoing instrument was acknowledged before me this 29th day of _SEPTEMBER_ , 1986, by John M. Russo and Victorine M. Russo.

                              Carolyn M. Saenz
                              Notary Public – State of Ohio

                                CAROLYN M. SAENZ
                             Notary Public, State of Ohio
                          My Commission Expires June 22, 1990

STATE OF OHIO      )
                    ) SS.
COUNTY OF        )

         The foregoing instrument was acknowledged before me this 29th day of _SEPTEMBER_ , 1986, by Paul Strosnider, Dan Owings, and Harley Clark, being the duly authorized trustees of Pierce Township, Clermont County, Ohio acting on behalf of said township.

                              Carolyn M. Saenz
                              Notary Public – State of Ohio

                                CAROLYN M. SAENZ
                             Notary Public, State of Ohio
                          My Commission Expires June 22, 1990

21





CONCEPTUAL DESIGN - EXISTING SITE  EXHIBIT C

## 1.0 Limitations

The 735-acres owned by CG&E is located immediately east of
Highway 52, and south of Ten-Mile creek with its easterly limit
coinciding with Nelp Road.  The land rises about 300 feet on the
ridges above the floodplain of the Ohio River with ash piled about
50 feet above this level at the corner of Nelp Road and Beckjord
Road.  CG&E has undertaken to restrict the height of any future
ash pile in the Nelp Road area to the height of the present ash
piles, i.e., Elevation 857.0.

CG&E has decided not to develop the westerly slopes of this
site overlooking Highway 52.  Power lines and Beckjord Road are
also to be avoided.

## 2.0 Design Considerations

The ash piles will be designed as valley fills, using condi-
tioned fly ash.  No pond ash will be incorporated in the piles
as part of the structural fill, but will be located in areas where
their environment can be controlled so as to minimize and control
leachate generation.  This is normally accomplished by encapsulating
discrete disposal areas with clays of required thickness.

All of the fill areas will be designed with rounded profiles
and varying heights to emulate existing terrain.  Tree barriers
will be retained or developed to reduce visual and noise impact
while at the same time minimizing fugitive dust.  Diversion ditches
will be constructed to divert natural runoff water around the
ash piles.  Underdrains, leachate collection pipes and sedimentation
ponds will also be provided as necessary or required.  Leachate
will be treated, if required, before allowing it to enter local
creeks and streams.

## 3.0 Optimum Scheme

The optimum scheme is that which provides the most volume
for ash disposal at the least cost with minimum disruption of
existing facilities.  The attached drawing indicates that a consider-
able amount of additional ash can be placed on the site without
relocating power lines or roads.

The estimated capacity of the three valley fills is greater
than the estimated volume of ash that will be generated at the
Walter C. Beckjord Station for the next 30 years.  The easterly
pile, which is superimposed over an existing fill, would  not
be cost effective and we, therefore, recommend that it be dropped
from further consideration.

4. <u>Divisibility</u>

   The determination by a court of competent jurisdiction that any provision, or portion, of this declaration is invalid or unenforceable by all or any party hereto for any reason shall not affect the validity and enforceability of any other provision or portion thereof by all or any other parties hereto.

5. <u>Enforcement, Binding Effect and Third Party Beneficiaries</u>

   These covenants and restrictions and their concomitant benefits and burdens are to bind and benefit (i) Tri-State, and the Russos, and its, his, her or their respective heirs, successors and assigns, as owners of the Restricted Property (ii) NOPE and the Trustees and their respective successors, as parties having rights and obligations under this DECLARATION OF RESTRICTIONS AND COVENANTS ("DECLARATION"), and (iii) CG&E and its successors and assigns as parties having rights and obligations under this Declaration and as parties having an interest in the Restricted Property as owner of Tri-State.

   Any right, obligation, interest or benefit established under this Declaration in favor of NOPE shall inure to the benefit of any successor entity to NOPE, provided however that if NOPE is dissolved or liquidated without provision for a successor entity, any right, obligation, interest or benefit of NOPE shall inure to the benefit of the then owner(s) of the Russo Property.

   Any right, obligation, interest or benefit established under this Declaration in favor of the Trustees shall inure to the benefit of any successor trustees of Pierce Township, or if the subject area becomes incorporated, as a municipality or otherwise, shall inure to the benefit of the then existing city council or corresponding legislative authority.

   Any notice given or made with regard to this Declaration shall be in writing and sent or delivered to the affected parties at the addresses respectively shown below or to such other addresses as such party may designate in writing to all other parties below.

   NOPE, Tri-State, CG&E, Trustees and the Russos are the only parties to this Declaration and the enforcement of the rights and obligations contained in this Declaration shall be solely by any of them or by NOPE's successsor as defined above, or by the Trustee's successor as defined above, or by the Russos' heirs,

-4-

successors or assigns; provided, however, that there shall be no assignment by any owner(s) of the Russo property of any rights of enforcement if acquired from NOPE as provided above without the written consent of Tri-State, CG&E its, their successors and assigns and the Trustees, its succesors, as defined above (NOPE and the Trustees, their respective successors, Tri-state, CG&E and the Russos, its, his, her or their heirs, successors and assigns, collectively, "the Parties"). No third party shall acquire any cause of action or other claim against any of the Parties for nonperformance of its duties.

Enforcement of these restrictions may be by proceedings at law or in equity or both, brought by any of the Parties against any of the Parties or any other party violating any restrictions, and may include but shall not be limited to an action for damages, to restrain violation, or to enforce compliance, or any of them. No failure to object to any violation of any restriction contained in this Declaration or to enforce any such restriction shall be considered a waiver of the right to do so thereafter, either as to the same or subsequent violations. The Parties hereby designate, appoint, authorize, and empower all and each of the Parties to review and oversee all aspects of compliance with the restrictions and covenants set forth in this Declaration. The designation, appointment, authorization and empowering of the Parties shall be deemed to have conferred upon each of the Parties a present and continued interest in the Restricted Property for purposes of enforcing compliance herewith.

6. Governing Law

This Declaration shall be construed under and in accordance with the laws of the state of Ohio and the laws of the United States of America.

IN WITNESS WHEREOF, this Declaration has been executed as of this _____ day of _____, 1986.

Signed and acknowledged in the presence of:

SIGNATURES

TRI-STATE IMPROVEMENT COMPANY

By: _____
    PRESIDENT

Address: _____
         _____

-5-

*E. C. Bergman* (signature)

*Gregory C Fiske* (signature)

**THE CINCINNATI GAS & ELECTRIC COMPANY**

By: _____ (signature)

**PRESIDENT**

Address: 139 E. Fourth
Cincinnati, Ohio, 45201

*Robert S. Lohrey* (signature)

*Marcia Falk* (signature)

**NEIGHBORS OPPOSING PIT EXPANSION, INC.**

By: _____ (signature)

Its ___President___

By: _____ (signature)

Its ___Secretary___

By: _____ (signature)

Its ___Treasurer___

Address: P.O. Box 314
Amelia, Oh. 45102

*Robert S. Lohrey* (signature)

*Marcia Falk* (signature)

*Robert S. Lohrey* (signature)

*Marcia Falk* (signature)

**THE RUSSOS**

_____ (signature)
John M. Russo

_____ (signature)
Victorine L. Russo

Address: 3085 Pond Run Road
New Richmond, Ohio   45157

-6-

THE TRUSTEES OF PIERCE TOWNSHIP,
CLERMONT COUNTY, OHIO

(1) _____
    Paul Strosnider, Trustee

(2) _____
    Dan Owings, Trustee

(3) _____
    Harley Clark, Trustee

Address: 950 Locust Cor. Rd.
         Cinti., Oh. 45245

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

The foregoing instrument was acknowledged before me this 30th day of September, 1986, by W. H. DICKHONER, the PRESIDENT of Tri-State Improvement Co., an Ohio corporation, on behalf of the corporation.

_____
Notary Public
VIRGINIA P. MUHLHOFER
Notary Public, State of Ohio
My Commission Expires July 28, 1987

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

The foregoing instrument was acknowledged before me this 30th day of September, 1986 by W. H. DICKHONER, the PRESIDENT of The Cincinnati Gas & Electric Company, an Ohio corporation, on behalf of the corporation.

_____
Notary Public
VIRGINIA P. MUHLHOFER
Notary Public
My Commission

-7-

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

   The foregoing instrument was acknowledged before me this
_21th_ day of _SEPTEMBER_ , 1986 by _RUSSELL W. FALK_ ,
_CAROLYN M SAENZ_ , and _MARJORIE A KELLERMAN_ , the
_PRESIDENT_ , _SECRETARY_ and
_TREASURER_ of Neighbors Opposing Pit Expansion, Inc.,
a non-profit corporation, on behalf of the corporation.

                                    _Stephen P. Calardo_
                              Notary Public

                              STEPHEN P. CALARDO, Attorney at Law
                              NOTARY PUBLIC · STATE OF OHIO
                              My Commission has no expiration
                              Meta, Section 147.03 O.R.C.

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

   The foregoing instrument was acknowledged before me this
_29TH_ day of _SEPTEMBER_ , 1986 by John M. Russo and
Victorine M. Russo.

                                    _Carolyn M. Saenz_
                              Notary Public

                              CAROLYN M. SAENZ
                              Notary Public, State of Ohio
                              My Commission Expires June 22, 1990

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

   The foregoing instrument was acknowledged before me this
_29TH_ day of _SEPTEMBER_ , 1986 by Paul Strosnider, Dan
Owings and Harley Clark, being the duly authorized trustees of
Pierce Township, Clermont County, Ohio acting on behalf of said
township.

                                    _Carolyn M. Saenz_
                              Notary Public

THIS INSTRUMENT WAS PREPARED JOINTLY THROUGH NEGOTIATION BETWEEN
CG&E'S LEGAL DEPARTMENT, COUNSEL FOR NOPE, AND COUNSEL FOR THE
TRUSTEES OF PIERCE TOWNSHIP.

                              CAROLYN M. SAENZ
                              Notary Public, State of Ohio
                              My Commission Expires June 22, 1990

019490

VOL 730 PAGE 271

EXHIBIT D

DECLARATION OF RESTRICTIONS
AND COVENANTS

WITNESSETH

WHEREAS, The Cincinnati Gas & Electric Company, an Ohio corporation, ("CG&E"), is a gas and electric public utility company (as defined in Ohio Revised Code §4905.02) which owns and operates power production facilities in Pierce Township, Clermont County, Ohio;

WHEREAS, Tri-State Improvement Company, an Ohio corporation ("Tri-State"), a wholly owned subsidiary of CG&E, has acquired and owns certain real estate consisting of approximately 233 acres, more or less, (the "Tri-State Property") all as more specifically depicted on the site plan attached hereto as Attachment 1, by virtue of a conveyance dated March 14, 1985 and recorded on March 19, 1985 in Vol. 703, Page 506, Clermont County, Ohio Deed Records;

WHEREAS, the Tri-State Property is divided into (1) an area of approximately 106 acres, more or less, to the west of Pond Run Road (the "Tri-State I Property") for which the legal description is attached hereto as Attachment 2, and (2) an area of approximately 127 acres, more or less, to the east of Pond Run Road (the "Tri-State II Property") for which the legal description is attached hereto as Attachment 3;

WHEREAS, John M. Russo and Victorine L. Russo, ("Russos") are the owners of certain real estate consisting of approximately 5.010 acres, more or less, described on Attachment 4, attached hereto, (the "Russo Property"), which real estate is contiguous to and partially circumscribed by the Tri-State Property;

WHEREAS, Neighbors Opposing Pit Expansion, Inc., ("NOPE") is an Ohio nonprofit corporation comprised of Pierce Township residents and property owners who own land and/or who reside in proximity to the Tri-State Property and/or other individuals who are interested in the matters set forth herein;

WHEREAS, Paul Strosnider, Dan Owings, and Harley Clark ("Trustees") are the Trustees of Pierce Township, Clermont County, Ohio;

WHEREAS, certain controversies and disputes have arisen between and among the parties hereto concerning the potential use by CG&E of the Tri-State Property as an area for disposal of "Utility Waste" which use could affect the Russo Property and be of concern to the Russos, NOPE and the Trustees;

-1-

VOL 730 PAGE 272

WHEREAS, the parties hereto are concerned with the health, safety and welfare of the Pierce Township property owners and residents in proximity to the Tri-State Property;

WHEREAS, "Utility Waste" includes boiler slag, flyash, bottom ash, pyrites, desulfurization sludge, residues and mixtures of such wastes, and all other types of wastes which have been or will continue to be generated at the Beckjord Station as a direct or indirect result of the combustion of fossil fuel used to produce steam for the generation of electricity for the public;

WHEREAS, it is necessary for CG&E to remove soil and clay from the Tri-State I Property in order to implement its conceptual plan regarding Utility Waste disposal;

WHEREAS, NOPE, CG&E and the Trustees have agreed to designate and maintain designation of a committee for the purpose of (1) fostering better understanding and communications between CG&E, the Trustees and Pierce Township residents and (2) reviewing compliance herewith and for other purposes (the "Committee");

WHEREAS, the parties hereto have amicably resolved and settled the aforesaid controversies and disputes, and, as part of such settlement, have agreed to establish a general plan including certain restrictions and covenants further set forth hereinbelow for the environmentally sound use and development of the Tri-State Property, which, among other concerns, will exclude the disposal thereupon or therein of Utility Waste;

NOW, THEREFORE, Tri-State and the Russos, being the owners respectively of the Tri-State Property and the Russo Property (collectively the "Restricted Property"), in consideration of their mutual agreements and in furtherance of the purposes above recited, together with the support, approval, and agreement of CG&E, NOPE, and the Trustees, hereby declare the restrictions and covenants as respectively set forth below to be covenants running with the land described respectively on Attachments 2, 3 and 4 and binding all present or future owners, residents, developers, users and parties claiming under them, and they shall inure to the benefit of all present and future owners, residents, developers, users and parties claiming under them:

1. **Restriction Against Utility Waste Disposal Upon All Restricted Property**

   The Restricted Property, or any portion thereof, shall not be used for the disposal of Utility Waste or for any other public utility use, except as set forth in Paragraph 2 below.

2. **Restrictions Upon Tri-State Property**

   The Tri-State Property shall not be developed or used

-2-

BOOK 730 PAGE 273

by CG&E, Tri-State or any successor or assigns thereto, for any public utility purpose, whether for power production or any other public utility commercial purpose, except that (1) CG&E, Tri-State, its successors, assigns, lessees, permittees and licensees, reserve unto themselves rights of way and easements in, over and through the Tri-State Property to construct, reconstruct, enlarge, modify, operate, maintain, repair, relocate, replace and remove either underground, above ground or overhead equipment used for the distribution of gas or the distribution of electric service, including but not limited to lines, distribution substations, poles, conduits, wires, cables, manholes, anchors, meters, grounding systems, counterpoises, communication circuits, pipelines, vents, meters, regulators, gauges, and regulating pits or stations, used for the purpose of providing electric, gas or other public utility service to consumers or users located on the Tri-State Property or users in developments contiguous thereto for the purpose of providing efficient distribution of public utility services to the Tri-State Property area; and, except that (2) the portion of the Tri-State I Property identified as the "Dirt Removal Area on Attachment 1 may be used by CG&E to supply up to one (1) million cubic yards of dirt and clay for hauling and use by CG&E for use on CG&E property.

3. **Term**

These restrictions and covenants shall remain in full force and effect of record with respect to the Restricted Property and all portions thereof, in accordance with the terms hereof, until January 1, of the year 2036, unless terminated, modified or amended by written agreement, recorded in the chain of title to the Restricted Property in the Clermont County Recorder's Office, and executed by NOPE, and the Trustees and all the then owners of the Restricted Property. After said date, these restrictions and covenants shall continue of record in full force and effect with respect to the Restricted Property, unless or until terminated, modified or amended by the written agreement recorded in the Clermont County Recorder's Office of either (a) all the then owners of the Restricted Property, or (b) NOPE and the then owner(s) of the Tri-State Property and the Russo Property. It being understood among the parties that after the dirt removal as provided for in paragraph 2 above, that there will be established a permanent greenbelt area as shown on Attachment 1, notwithstanding any change in ownership. The parties stipulate and agree that the duration and extent of restrictions set forth herein are reasonable in terms of time and scope.

-3-

VOL 730 PAGE 274

4. **Divisibility**

The determination by a court of competent jurisdiction that any provision, or portion, of this declaration is invalid or unenforceable by all or any party hereto for any reason shall not affect the validity and enforce-ability of any other provision or portion thereof by all or any other parties hereto.

5. **Enforcement, Binding Effect and Third Party Beneficiaries**

These covenants and restrictions and their concomitant benefits and burdens are to bind and benefit (i) Tri-State, and the Russos, and its, his, her or their respective heirs, successors and assigns, as owners of the Restricted Property (ii) NOPE and the Trustees and their respective successors, as parties having rights and obligations under this DECLARATION OF RESTRICTIONS AND COVENANTS ("DECLARATION"), and (iii) CG&E and its successors and assigns as parties having rights and obligations under this Declaration and as parties having an interest in the Restricted Property as owner of Tri-State.

Any right, obligation, interest or benefit established under this Declaration in favor of NOPE shall inure to the benefit of any successor entity to NOPE, provided however that if NOPE is dissolved or liquidated without provision for a successor entity, any right, obligation, interest or benefit of NOPE shall inure to the benefit of the then owner(s) of the Russo Property.

Any right, obligation, interest or benefit established under this Declaration in favor of the Trustees shall inure to the benefit of any successor trustees of Pierce Township, or if the subject area becomes incorporated, as a municipality or otherwise, shall inure to the benefit of the then existing city council or corresponding legislative authority.

Any notice given or made with regard to this Declaration shall be in writing and sent or delivered to the affected parties at the addresses respectively shown below or to such other addresses as such party may designate in writing to all other parties below.

NOPE, Tri-State, CG&E, Trustees and the Russos are the only parties to this Declaration and the enforcement of the rights and obligations contained in this Declaration shall be solely by any of them or by NOPE's successsor as defined above, or by the Trustee's successor as defined above, or by the Russos' heirs,

-4-

VOL. 730 PAGE 275

successors or assigns; provided, however, that there shall be no assignment by any owner(s) of the Russo property of any rights of enforcement if acquired from NOPE as provided above without the written consent of Tri-State, CG&E its, their successors and assigns and the Trustees, its successors, as defined above (NOPE and the Trustees, their respective successors, Tri-state, CG&E and the Russos, its, his, her or their heirs, successors and assigns, collectively, "the Parties"). No third party shall acquire any cause of action or other claim against any of the Parties for nonperformance of its duties.

Enforcement of these restrictions may be by proceedings at law or in equity or both, brought by any of the Parties against any of the Parties or any other party violating any restrictions, and may include but shall not be limited to an action for damages, to restrain violation, or to enforce compliance, or any of them. No failure to object to any violation of any restriction contained in this Declaration or to enforce any such restriction shall be considered a waiver of the right to do so thereafter, either as to the same or subsequent violations. The Parties hereby designate, appoint, authorize, and empower all and each of the Parties to review and oversee all aspects of compliance with the restrictions and covenants set forth in this Declaration. The designation, appointment, authorization and empowering of the Parties shall be deemed to have conferred upon each of the Parties a present and continued interest in the Restricted Property for purposes of enforcing compliance herewith.

6. Governing Law

This Declaration shall be construed under and in accordance with the laws of the state of Ohio and the laws of the United States of America.

IN WITNESS WHEREOF, this Declaration has been executed as of this 30th day of September, 1986.

Signed and acknowledged
in the presence of:

SIGNATURES

TRI-STATE IMPROVEMENT COMPANY

By: _____
PRESIDENT

Address: 139 E. Fourth
Cincinnati, Ohio 45201

-5-

VOL 730 PAGE 277

THE TRUSTEES OF PIERCE TOWNSHIP,
CLERMONT COUNTY, OHIO

(1) _signature_
Paul Strosnider, Trustee

(2) _signature_
Dan Owings, Trustee

(3) _signature_
Harley Clark, Trustee

Address: 950 _Locust Cor Rd._
_Pierce, OH. 45245_

STATE OF OHIO          :
                       : SS.
COUNTY OF HAMILTON     :

The foregoing instrument was acknowledged before me this
_____ day of _September_, 1986, by W.H. DICKHONER, the
PRESIDENT of Tri-State Improvement Co., an Ohio
corporation, on behalf of the corporation.

_signature_
Notary Public
VIRGINIA P. MUHLHOFER
Notary Public, State of Ohio
My Commission Expires...

STATE OF OHIO          :
                       : SS.
COUNTY OF HAMILTON     :

The foregoing instrument was acknowledged before me this
_____ day of _September_, 1986 by W.H. DICKHONER, the
PRESIDENT of The Cincinnati Gas & Electric Company,
an Ohio corporation, on behalf of the corporation.

_signature_
Notary Public
VIRGINIA P. MUHLHOFER
Notary Public...
My Commission Expires...

-7-

VOL 730 PAGE 278

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

The foregoing instrument was acknowledged before me this
29th day of SEPTEMBER , 1986 by RUSSELL W. FALK ,
CAROLYN M. SAENZ , and MARJORIE A KELLERMAN , the
PRESIDENT                    SECRETARY                and
TREASURER    of Neighbors Opposing Pit Expansion, Inc.,
a non-profit corporation, on behalf of the corporation.

Stephen P. Caludo
Notary Public

STEPHEN P. CALUDO, Attorney at Law
NOTARY PUBLIC · STATE OF OHIO
My Commission has no expiration
date. Section 147.03 O.R.C.

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

The foregoing instrument was acknowledged before me this
29th day of SEPTEMBER , 1986 by John M. Russo and
Victorine M. Russo.

Carolyn M. Saenz
Notary Public

CAROLYN M. SAENZ
Notary Public, State of Ohio
My Commission Expires June 23, 1988

STATE OF OHIO        :
                     : SS.
COUNTY OF HAMILTON   :

The foregoing instrument was acknowledged before me this
29th day of SEPTEMBER , 1986 by Paul Strosnider, Dan
Owings and Harley Clark, being the duly authorized trustees of
Pierce Township, Clermont County, Ohio acting on behalf of said
township.

Carolyn M. Saenz
Notary Public

THIS INSTRUMENT WAS PREPARED JOINTLY THROUGH NEGOTIATION BETWEEN
CG&E'S LEGAL DEPARTMENT, COUNSEL FOR NOPE, AND COUNSEL FOR THE
TRUSTEES OF PIERCE TOWNSHIP.

CAROLYN M. SAENZ
Notary Public, State of Ohio
My Commission Expires June 23, 1988

-8-



EXHIBIT D
ATTACHMENT 2

## "TRI-STATE I PROPERTY"

The following is a description of a tract or parcel of land ("Tri-State I Property") lying generally west of Pond Run Road and being situate in Davies' Military Survey #514, in Lucas' Military Survey #1753, and in Finley's Military Survey #1763, Pierce Township, Clermont County, State of Ohio, and being more particularly described as follows:

Beginning at a stone marking the common corner of said Military Surveys #514, #1753 and #1763; thence, along the northerly line of said Military Survey #514 and along boundary lines of the "Tri-State Property", the following four (4) courses: 1) SOUTH 88° 28' 00" EAST, 904.83 feet to a stone; 2) NORTH 86° 51' 00" EAST, 463.49 feet to a pipe; 3) NORTH 87° 09' 05" EAST, 291.66 feet to a stone; and 4) SOUTH 88° 08' 35" EAST, passing a concrete monument at 319.02 feet, 345.87 feet to a bolt in the center line of Pond Run Road; thence, along the center line of Pond Run Road, the following twenty-two (22) courses: 1) SOUTH 43° 42' 00" WEST, 150.26 feet; 2) SOUTH 43° 14' 40" WEST, 193.17 feet; 3) SOUTH 46° 07' 20" WEST, 98.42 feet; 4) SOUTH 59° 05' 55" WEST, 187.51 feet; 5) SOUTH 61° 25' 00" WEST, 89.65 feet; 6) SOUTH 56° 13' 10" WEST, 59.87 feet; 7) SOUTH 45° 16' 35" WEST, 102.05 feet; 8) SOUTH 37° 44' 10" WEST, 102.66 feet; 9) SOUTH 35° 40' 20" WEST, 104.88 feet; 10) SOUTH 39° 23' 50" WEST, 147.57 feet; 11) SOUTH 47° 49' 00" WEST, 100.57 feet; 12) SOUTH 53° 12' 35" WEST, 100.45 feet; 13) SOUTH 61° 08' 50" WEST, 106.44 feet; 14) SOUTH 65° 21' 10" WEST, 78.49 feet; 15) SOUTH 55° 52' 30" WEST, 140.31 feet; 16) SOUTH 36° 55' 55" WEST, 134.76 feet; 17) SOUTH 23° 37' 30" WEST, 132.50 feet; 18) SOUTH 13° 42' 45" WEST, 77.70 feet; 19) SOUTH 5° 23' 05" EAST, 111.95 feet; 20) SOUTH 5° 27' 25" EAST, 84.69 feet; 21) SOUTH 4° 17' 50" WEST, 147.97 feet to a P.K. Nail marking the intersection of the center line of Pond Run Road with the center line of Motts Road; and 22) NORTH 86° 35' 35" WEST, 626.86 feet to a spike marking the intersection of the center line of Pond Run Road with the easterly line of a 20.00 foot wide strip of land, part of the property of John M. Russo and Victorine L. Russo; thence, along dividing lines between the said Russo property and "Tri-State Property" the following eight (8) courses:   1)

NORTH 2° 53' 15" EAST, 311.49 feet to a pipe; 2) SOUTH 87° 06' 45" EAST, 104.00 feet to a pipe; 3) NORTH 2° 53' 15" EAST, 530.02 feet to a pipe; 4) NORTH 87° 06' 45" WEST, 400.00 feet to a pipe; 5) SOUTH 2° 53' 15" WEST, 530.02 feet to a pipe; 6) SOUTH 87° 06' 45" EAST, 276.00 feet to a pipe; 7) SOUTH 2° 53' 15" WEST, 311.31 feet to a pipe; and 8) SOUTH 86° 35' 33" EAST, 10.00 feet to a point in the center line of Pond Run Road; thence, along the center line of Pond Run Road, the following three (3) courses: 1) SOUTH 1° 54' 25" WEST, 301.60 feet to a pipe; 2) NORTH 87° 30' 35" WEST, 767.52 feet to a P.K. Nail; and 3) SOUTH 84° 30' 45" WEST, 67.02 feet to a P.K. Nail; thence, along boundary lines of the "Tri-State Property", the following nine (9) courses: 1) NORTH 1° 19' 00" EAST, passing an iron bar at 20.14 feet, 73.49 feet to a stone; 2) NORTH 18° 41' 15" WEST, 519.84 feet to a stone; 3) NORTH 42° 32' 55" EAST, 288.12 feet to a fence post; 4) NORTH 53° 34' 40" WEST, 432.21 to a stone; 5) NORTH 18° 39' 30" WEST, 293.84 feet to a stone on the dividing line between said Military Surveys #1753 and #1763; 6) NORTH 18° 16' 05" WEST, 1081.74; 7) SOUTH 77° 55' 30" EAST, 481.49 feet; 8) SOUTH 79° 39' 00" EAST, 721.57 feet to a stone; and 9) SOUTH 79° 15' 40" EAST, 521.71 feet to the point of beginning; containing 100.426 acres of land, more or less, according to a survey by Woolpert Consultants performed in June, 1985.

EXHIBIT D
ATTACHMENT 3

### "TRI-STATE II PROPERTY"

The following is a description of a tract or parcel of land ("Tri-State II Property") lying generally east of Pond Run Road and being situate in Davies' Military Survey #514,— Pierce Township, Clermont County, State of Ohio, and being more particularly described as follows:

Beginning at a P.K. Nail marking the intersection of the center line of Motts Road with the center line of Pond Run Road; thence, along the center line of Pond Run Road, the following twenty-one (21) courses:  1) NORTH 4° 17' 50" EAST, 147.97 feet; 2) NORTH 5° 27' 25" WEST, 84.69 feet; 3) NORTH 5° 23' 05" WEST, 111.95 feet; 4) NORTH 13° 42' 45" EAST, 77.70 feet; 5) NORTH 23° 37' 30" EAST, 132.50 feet; 6) NORTH 36° 55' 55" EAST,  134.76 feet; 7) NORTH 55° 52' 30" EAST, 140.31 feet; 8) NORTH 65° 21' 10" EAST, 78.49 feet; 9) NORTH 61° 08' 50" EAST, 106.44 feet; 10) NORTH 53° 12' 35" EAST, 100.45 feet; 11) NORTH 47° 49' 00" EAST, 100.57 feet; 12) NORTH 39° 23' 50" EAST, 147.57 feet; 13) NORTH 35° 40' 20" EAST, 104.88 feet; 14) NORTH 37° 44' 10" EAST, 102.66 feet; 15) NORTH 45° 16' 35" EAST, 102.05 feet; 16) NORTH 56° 13' 10" EAST, 59.87 feet; 17) NORTH 61° 25' 00" EAST, 89.65 feet; 18) NORTH 59° 05' 55" EAST, 187.51 feet; 19) NORTH 46° 07' 20" EAST, 98.42 feet; 20) NORTH 43° 14' 40" EAST, 193.17 feet; and 21) NORTH 43° 42' 00" EAST, 150.26 feet to a bolt in the northerly boundary line of the "Tri-State Property"; thence, along boundary lines of the said "Tri-State Property", the following seven (7) courses: 1) NORTH 81° 00' 05" EAST, 290.55 feet to a stone; 2) NORTH 88° 21' 35" EAST, passing a stone at 314.83 feet, 620.96 feet; 3) SOUTH 20° 11' 20" EAST, 140.23 feet; 4) SOUTH 23° 58' 40" EAST, 225.00 feet; 5) SOUTH 51° 58' 10" EAST, 178.24 feet; 6) SOUTH 43° 23' 00" WEST, 508.20 feet; and 7) NORTH 48° 40' 55" WEST, 162.95 feet to a stone on the northerly extension of the center line of Spresser Hill Road; thence, along the center line of Spresser Hill Road and the same extended northwardly, the following two (2) courses: 1) SOUTH 3° 28' 25" WEST, passing a pipe at 531.23 feet, 1339.54 feet; and 2) SOUTH 17° 43' 50" WEST, 957.41 feet to a pipe marking the intersection of Spresser Hill Road with a southerly boundary line of the "Tri-State Property"; thence, along boundary

lines of the "Tri-State Property", the following five (5) courses: 1) NORTH 86° 08' 10" WEST, passing concrete monuments at 15.45 feet and at 961.20 feet, 986.20 feet to a spike in the center line of Motts Road; 2) NORTH 86° 23' 40" WEST, 1094.36 feet to a pipe; 3) NORTH 85° 52' 55" WEST, passing a concrete monument at 224.53 feet, 234.53 to a pipe; 4) NORTH 00° 03' 20" WEST, passing a concrete monument at 10.00 feet, 651.99 feet to a pipe; and 5) NORTH 72° 27' 30" WEST, 153.24 feet to a pipe in the center line of Pond Run Road; thence, along the center line of Pond Run Road, the following two (2) courses: 1) NORTH 1° 54' 25" EAST, 301.60 feet; and 2) SOUTH 86° 35' 35" EAST, 636.86 feet to the point of beginning; containing 132.715 acres of land, more or less, according to a survey by Woolpert Consultants performed in June, 1985.

SPC:mg
9/26/86

### EXHIBIT D
### ATTACHMENT 4
### RUSSO PROPERTY


Situate in Davies' Military Survey No. 514, Pierce Township, Clermont County, Ohio, and being bounded and more particularly described as follows:

Beginning at a railroad spike set on the centerline projected of Pond Run Road, said beginning point being S-89°46'12"-W a distance of 626.89 feet from the centerline intersection of Pond Run Road and Mott Road; thence from said beginning point and on a new division line through the land of Auto Vehicle Parts Co. for the next eight (8) courses:
S-89°46'12"-W a distance of 20.00 feet to an iron pipe set;
N-0°45'00"-W a distance of 311.31 feet to an iron pipe set;
S-89°15'00"-W a distance of 276.00 feet to an iron pipe set;
N-0°45'00"-W a distance of 530.02 feet to an iron pipe set;
N-89°15'00"-E a distance of 400.00 feet to an iron pipe set;
S-0°45'00"-E a distance of 530.02 feet to an iron pipe set;
S-89°15'00"-W a distance of 104.00 feet to an iron pipe set;
S-0°45'00"-E a distance of 311.40 feet to the place of beginning.
CONTAINING 5.010 Acres more or less.

Subject to all legal highways and easements of record.

Prior Deed Reference:  Deed Book 664, Page 89 of the Deed Records of Clermont County, Ohio.

EXHIBIT E

## EASEMENT FOR GREENBELT AREA
### (Heekin Property)

FOR VALUE RECEIVED, receipt of which is hereby acknowledged, The Cincinnati Gas & Electric Company, an Ohio corporation, ("CG&E"), being the owner of the real estate described on Attachment 1, attached hereto, (referred to herein as the "Heekin Property") hereby grants and conveys to Neighbors Opposing Pit Expansion, Inc. ("NOPE") individually and as trustee for the non-exclusive use and benefit of NOPE and, Thomas and Judith Schwab, 2919 Pond Run, New Richmond, Ohio 45157, being the owner of the real estate described in Deed Book 579, Page 374, Clermont County, Ohio Records; Ronald and Jenny Johnson, 2902 Pond Run, New Richmond, Ohio 45157, being the owner of the real estate described in Deed Book 632, Page 427, Clermont County, Ohio Records; and Robert S. and Joan S. Lohrey, 3778 Pond Run, New Richmond, Ohio 45157, being the owner of the real estate described in Deed Book 499, Page 374, Clermont County, Ohio Records, said individuals being owners of real estate contiguous to or in the vicinity of the Heekin Property and among other NOPE members, who are property owners who own land and/or reside in proximity to the Heekin Property, all of whom shall be collectively referred to as the "Heekin Neighbors" to run with the land forever, an easement for a private greenbelt area to remain in a substantially undisturbed state, designated as "Green Belt Area" and depicted on Attachment 2.

The determination by a court of competent jurisdiction that any provision, or portion, of this easement is invalid or unenforceable for any reason shall not affect the validity and enforceability of any other provision or portion thereof.

This grant shall be binding upon and shall inure to the benefit of NOPE and the Heekin Neighbors, their respective successors and assigns, including any successor owner of the Heekin Neighbors real estate and any successor entity of NOPE, it being expressly provided that NOPE shall have the right, title and interest to enforce this easement on behalf of NOPE itself acting individually and/or acting on behalf of the Heekin Neighbors; provided, that if NOPE is dissolved or liquidated without provision for a successor entity, any right, title or interest or

benefit of NOPE shall inure to and merge with the benefit of the Heekin Neighbors, their respective successors and assigns except that the right to enforce this easement on behalf of the Heekin Neighbors shall pass to the Trustees of Pierce Township or its successors (Trustees), as trustee for the Heekin Neighbors. The right of NOPE or its successors to enforce this easement shall not be transferred to any non-Pierce Township organization or group.

Enforcement of this easement shall be solely by NOPE, its successors and assigns, as defined above; CG&E, its successors and assigns; and the Trustees, as provided above. No third party shall acquire any cause of action or other claim against either party for the non-performance of its duties.

IN WITNESS WHEREOF, this instrument was executed as of this 30th day of September by W. H. Dickhoner the President of The Cincinnati Gas & Electric Company, an Ohio corporation.

SIGNED AND ACKNOWLEDGED
IN THE PRESENCE OF

THE CINCINNATI GAS & ELECTRIC
COMPANY

By: _____

PRESIDENT

STATE OF OHIO )
) SS:
COUNTY OF HAMILTON )

The foregoing instrument was acknowledged before me this 30th day of September, 1986 by W. H. DICKHONER, PRESIDENT of The Cincinnati Gas & Electric Company, an Ohio corporation, on behalf of the corporation.

_____
Notary Public
VIRGINIA P. MUHLHOFER
Notary Public, State of Ohio
My Commission Expires July 29, 1987

THIS INSTRUMENT WAS PREPARED JOINTLY THROUGH NEGOTIATION BETWEEN CG&E'S LEGAL DEPARTMENT, COUNSEL FOR NOPE, AND COUNSEL FOR THE TRUSTEES OF PIERCE TOWNSHIP.

EXHIBIT E
ATTACHMENT 1

## Parcel No. I

Situated in Clermont County, State of Ohio, Pierce
Township, Wm. Fowler Survey No. 261 and being more
particularly described as follows:

Beginning at a point in the south line of Heekin's
original 85.56 Acre tract as recorded in Deed Book
296, page 148 of the Clermont County Records, which
point is North 67°30' East, 1198.52 feet from an
old stone said stone being North 67°45' East, 3586.44
feet from a stone in the center line of the New
Richmond and Ohio River Pike; thence North 22°30'
West, 649.57 feet to an iron pipe; thence South
67°28'50" West, 3140.09 feet to a pin on the easterly
line of the lands of the Ohio Valley Electric Cor-
portation; thence North 14°42' West, 852.29 feet
with the easterly line of a 55.23 Acre tract recorded
in Deed Book 296, page 234 to a point on the northerly
line of Heekins original 131.34 A. tract as recorded
in Deed Book 296, page 148; thence North 71°30' East,
412.09 feet to an old stone; thence North 62°15' East,
396.00 feet to a stone corner; thence North 20°30' West,
171.93 feet to a stone corner; thence North 67° East,
1019.04 feet to a stone corner; thence North 62° East,
139.26 feet to a stone in the most northerly corner of
said Heekin 131.34 A. tract; thence, North 64° East,
544.00 feet to a stone; thence North 69°15' East, 1603.00
feet to a point in Fowler's Survey line in the middle of
Pond Run Road; thence South 15°30' East, 1751.00 feet
with Survey line; thence South 67°30' West, 977.48 feet
to the place of beginning, containing 114.21 acres more
or less.

Being part of the same premises transferred to Walter J.
Heekin, Patricia H. Ryan, John G. Heekin, Ann H. Backmeyer,
Martha H. Bunker, Marian H. Torbeck, and Mary Francis
Fitzgerald Trust, Walter J. Heekin and John G. Heeking,
Trustees, under the Last Will and Testament of Ethel C.
Heekin deceased by Certificate of Transfer recorded in
Book 596, page 541, Clermont County, Ohio records.

## Parcel No. II

Situated in Pierce Township Clermont County, Ohio and in
Finley Military Survey No. 1763 and more particularly
described as follows:

Beginning at a point in the centerline of Pond Run
Road at the intersection of the west line of Finley
Military Survey No. 1763, thence S. 49°47' E. 104.30'
with the centerline of said Pond Run Road to a spike,
thence still with said centerline S. 40°53' E. 107.03'
thence leaving said road S. 71°43' W. 95.45' to a stone
in the west line of Finley Military Survey No. 1763
and corner to Ethel Heekin and John Heilker, thence with
said Military Survey line N. 18°17' W. 187.68' to the

place of beginning and containing 0.226 acre of land and subject to legal highways.

The above described real estate is a part of the same premises conveyed as recorded in Deed Book 334, page 509 Parcel No. 4 of the Clermont County Deed Records. For further reference see Deed Books 230, page 446; page 114; and 117, page 53.

Being the same premises conveyed by Deed recorded in Deed book 596, page 541 Clermont County, Ohio records, excepting therefrom the following described property:

Situated in Pierce Township, Clermont County, Ohio and in Fowler Military Survey No. 261 and more particularly described as follows:

Beginning at a point in the centerline of Pond Run Road at the intersection of the east line of Fowler Military Survey No. 261 thence with the centerline of said Pond Run Road N. 49° 47' W. 15.48' to a spike N. 20°07' W. 107.93' to a spike, N. 30°55' W. 269.48' to a stake, N. 8°53' W. 230.63' to a stake, N. 27°05' W. 157.30', thence leaving said road N. 73°41' E. 56.95 to a stone in the east line of Fowler Military Survey No. 261 and corner to Frank Weisenfolder, thence with Military Survey line S. 18°17' E. 765.19' to the place of beginning and containing 0.702 acre of land and subject to legal highways.

Being the same premises conveyed to Margaret B. Barne by Deed recorded in Deed Book 409 page 282 Clermont County, Ohio records.

Prior Deed Reference: Vol. 658, Page 560



## EXHIBIT F

NOPE membership list as of September 29, 1986


The following individuals listed on pages ii through xi hereby irrevocably assign, except as provided below, their rights of enforcement of this Agreement to NOPE.  NOPE shall have the exclusive right of enforcement of this Agreement on behalf of each individual NOPE member unless it is determined by a court of competent jurisdiction that NOPE or any successor corporation is legally unable to enforce this Agreement on behalf of one or more individual NOPE members. In such event, notwithstanding the irrevocable assignment noted above, the individual NOPE members shall have the right to enforce his or her individual rights under this Agreement.

Donald William Kelley, 3168 Pond Run Road, New Richmond, Ohio  45157

Margaret E. Kelley, 3168 Pond Run Road, New Richmond, Ohio, 45157

Megan B. Kelley, 3168 Pond Run Road, New Richmond, Ohio, 45157

John Kuehn Frederick, 3153 Pond Run Road, New Richmond, Ohio, 45157

Larry Johns, 3055 Pond Run Road, New Richmond, Ohio, 45157

Phyllis Bach Frederick, 3151 Pond Run Road, New Richmond, Ohio 45157

Ruth Hogue, 1213 Ten Mile Road, New Richmond, Ohio, 45157

Richard Hogue, 1213 Ten Mile Road, New Richmond, Ohio, 45157

Richard Stegemeyer, 1262 Ten Mile Road, New Richmond, Ohio, 45157

Amy Frederick, 3151 Pond Run Road, New Richmond, Ohio, 45157

Linda Heiden, 3322 Cole Road, New Richmond, Ohio, 45157

Richard C. Heiden, 3322 Cole Road, New Richmond, Ohio, 45157

Wanda S. Thorpe, 870 Locust Corner, Cincinnati, Ohio, 45245

Kenneth P. Thorpe, 870 Locust Corner, Cincinnati, Ohio, 45245

Michael P. Scales, 3462 Behymer Road, Cincinnati, Ohio, 45245

Diana S. Scales, 3462 Behymer Road, Cincinnati, Ohio, 45245

Carol A. McMahon, 3319 Cole Road, New Richmond, Ohio, 45157

Jerry F. Stara, 1264 Elm Ridge Drive, Cincinnati, Ohio, 45102

Nancy McGanner, 146 Scenic Drive, Cincinnati, Ohio, 45157

Judith Olsen, 2910 Pond Run Road, New Richmond, Ohio 45157

Amy McMahon, 3319 Cole Road, New Richmond, Ohio, 45157

Mary McMahon, 3319 Cole Road, New Richmond, Ohio, 45157

Mike McMahon, 3319 Cole Road, New Richmond, Ohio 45157

Charles J. Yannessa, 3272 Cole Road, New Richmond, Ohio, 45157

Mary Ann Yannessa, 3272 Cole Road, New Richmond, Ohio, 45157

Roger M. Olsen, 2910 Pond Run Road, New Richmond, Ohio, 45157

Billie Yeager, 2880 Pond Run Road, New Richmond, Ohio, 45157

James A. Yeager, 2880 Pond Run Road, New Richmond, Ohio, 45157

Ralph E. Smith, 2825 Pond Run Road, New Richmond, Ohio, 45157

Jacqueline Smith, 2825 Pond Run Road, New Richmond, Ohio, 45157

Barbara Livingston, 1103 Ten Mile Road, New Richmond, Ohio, 45157

Jim Livingston, 1103 Ten Mile Road, New Richmond, Ohio, 45157

Russell Falk, 1075 Bristol Road, New Richmond, Ohio, 45157

Marsha Falk, 1075 Bristol Road, New Richmond, Ohio, 45157

Joseph E. Gillespie, 958 Ten Mile Road, New Richmond, Ohio, 45157

Sandra A. Yavorcik, 3194 Alpine Terrace, New Richmond, Ohio, 45157

Albert W. Masterson, 890 Ten Mile Road, New Richmond, Ohio, 45157

Della F. Masterson, 890 Ten Mile Road, New Richmond, Ohio, 45157

James Masterson, 890 Ten Mile Road, New Richmond, Ohio, 45157

Adele Masterson, 890 Ten Mile Road, New Richmond, Ohio, 45157

Esaf E. Meyer, 694 Ten Mile Road, New Richmond, Ohio, 45157

Tonya Snyder, 3198 Alpine Terrace, New Richmond, Ohio, 45157

Daniel Snyder, 3198 Alpine Terrace, New Richmond, Ohio, 45157

Glennis Moore, 3270 Alpine Terrace, New Richmond, Ohio, 45157

Frances Irene Moore, 3270 Alpine Terrace, New Richmond, Ohio, 45157

Brent Coldiron, 3201 Alpine Terrace, New Richmond, Ohio, 45157

Joyce Coldiron, 3201 Alpine Terrace, New Richmond, Ohio, 45157

Dale Raver, 1118 Ten Mile Road, New Richmond, Ohio, 45157

Barbara Valentine, 710 Ten Mile Road, New Richmond, Ohio, 45157

Bill Chrisman, 697 St. Rt. 749, New Richmond, Ohio, 45157

Sally Chrisman, 697 St. Rt. 749, New Richmond, Ohio, 45157

William C. Meyer, 694 Ten Mile Road, New Richmond, Ohio, 45157

Wesley Boatman, 698 Ten Mile Road, New Richmond, Ohio, 45157

Bob Hucker, 762 Ten Mile Road, New Richmond, Ohio, 45157

Gregg Curless, 918 Ten Mile Road, New Richmond, Ohio, 45157

Linda Curless, 918 Ten Mile Road, New Richmond, Ohio, 45157

Sandra S. Friend, 2906 Pond Run Road, New Richmond, Ohio, 45157

Donald B. Friend, 2908 Pond Run Road, New Richmond, Ohio, 45157

A. R. Donaldson, 1366 Indian Ridge Road, New Richmond, Ohio, 45157

Jeanne Donaldson, 1366 Indian Ridge Road, New Richmond, Ohio, 45157

Karen Thee, 2918 Pond Run Lane, New Richmond, Ohio, 45157

Daniel Thee,  2918 Pond Run Lane, New Richmond, Ohio, 45157

Ron Johnson, 2902 Pond Run Lane, New Richmond, Ohio, 45157

Bob Johnson,  2748 Wukudge, Cincinnati, Ohio, 45248

Jenny Johnson,  2902 Pond Run Lane, New Richmond, Ohio, 45157

Gary Brudnicki, 2907 Pond Run Lane, New Richmond, Ohio, 45157

Thomas Schwab,  2919 Pond Run Lane, New Richmond, Ohio, 45157

Judith Schwab,  2919 Pond Run Lane, New Richmond, Ohio, 45157

Leslie Grimes, 2904 Pond Run Lane, New Richmond, Ohio, 45157

William Grimes, 2904 Pond Run Lane, New Richmond, Ohio, 45157

William Duff, 2910 Pond Run Lane, New Richmond, Ohio, 45157

Pauline Duff, 2910 Pond Run Lane, New Richmond, Ohio, 45157

Martha Cleary, 2911 Pond Run Lane, New Richmond, Ohio, 45157

James Cleary, 2911 Pond Run Lane, New Richmond, Ohio, 45157

Donna Snider, 2920 Pond Run Lane, New Richmond, Ohio, 45157

Eleanor Heflin, 2915 Pond Run Lane, New Richmond, Ohio, 45157

Frederick Heflin,2915 Pond Run Lane, New Richmond, Ohio, 45157

Lillian Jo Schroeder, 1239A Wilson Dunham Hill, New Richmond, Ohio, 45157

David D. England, 1104 Fagins Run Road, New Richmond, Ohio, 45157

Mark Paliobagis, 2986 Mott Road, New Richmond, Ohio, 45157

Maria Paliobagis, 2986 Mott Road, New Richmond, Ohio, 45157

Victorine L. Russo, 3085 Pond Run Road, New Richmond, Ohio 45157

John Russo, 3085 Pond Run Road, New Richmond, Ohio 45157

Donald K. Smith,  3052 Pond Run Road, New Richmond, Ohio, 45157

Susan E. Smith, 3052 Pond Run Road, New Richmond, Ohio, 45157

Bruce Glenn, 1056 Ten Mile Road, New Richmond, Ohio, 45157

Carol Glenn, 1056 Ten Mile Road, New Richmond, Ohio, 45157

William M. Jacobs, 1103 Ten Mile Road, New Richmond, Ohio, 45157

R. L. Wenstrup, 1045 Ten Mile Road, New Richmond, Ohio, 45157

Margaret Wenstrup, 1045 Ten Mile Road, New Richmond, Ohio, 45157

Nancy Haynes, 782 Ten Mile Road, New Richmond, Ohio, 45157

John P. Haynes, 782 Ten Mile Road, New Richmond, Ohio, 45157

Laura Hunt, 802 St. Rt. 749 New Richmond, Ohio, 45157

James Hunt, 802 St. Rt. 749 New Richmond, Ohio, 45157

James E. Corwin, 774 Ten Mile Road, New Richmond, Ohio 45157

Jim Corwin, 774 Ten Mile Road, New Richmond, Ohio, 45157

Frances Corwin, 774 Ten Mile Road, New Richmond, Ohio, 45157

Elizabeth Igo,  738 Ten Mile Road, New Richmond, Ohio, 45157

Earl Igo, 738 Ten Mile Road, New Richmond, Ohio, 45157

Steve Igo,738 Ten Mile Road, New Richmond, Ohio, 45157

Charles Altic, 1100 Ten Mile Road, New Richmond, Ohio 45157

Louise Altic, 1100 Ten Mile Road, New Richmond, Ohio, 45157

Dorothy Harris, 991 Ten Mile Road, New Richmond, Ohio, 45157

Carolyn Saenz, 2922 Pond Run Road, New Richmond, Ohio, 45147

Jeanne Bittman 2916 Pond Run Road, New Richmond, Ohio, 45157

Dan Bittman, 2916 Pond Run Road, New Richmond, Ohio, 45157

Rosalynd Kendall 2920 Pond Run Road, New Richmond, Ohio, 45157

John C. Kendall 2920 Pond Run Road, New Richmond, Ohio, 45157

Marsha Morris, 2924 Pond Run Road, New Richmond, Ohio, 45157

Mark Eling, 1108 Crooked Creek Lane, New Richmond, Ohio, 45157

Chuck Eichberg, 2918 Pond Run Road, New Richmond, Ohio, 45157

Janet Eichberg, 2918 Pond Run Road, New Richmond, Ohio, 45157

William Arnold, 3782 Pond Run Road, New Richmond, Ohio, 45157

Erma M. Arnold, 3782 Pond Run Road, New Richmond, Ohio, 45157

Judith C. Stout, 3018 Pond Run Road, New Richmond, Ohio, 45157

Esther Shuck, 3037 Pond Run Road, New Richmond, Ohio, 45157

Walter D. Shuck, 3037 Pond Run Road, New Richmond, Ohio, 45157

Robert S. Lohrey, 3778 Pond Run Road, New Richmond, Ohio, 45157

Wm. K. Stout, 3018 Pond Run Road, New Richmond, Ohio, 45157

Joan S. Lohrey, 3778 Pond Run Road, New Richmond, Ohio, 45157

Carl Nelp, 3058 Nelp Road, New Richmond, Ohio, 45157

Helen Nelp, 3058 Nelp Road, New Richmond, Ohio, 45157

Chrisie L. Kellerman, 1105 Fagins Run Road, New Richmond, Ohio, 45157

Michael R. Kellerman, 1105 Fagins Run Road, New Richmond, Ohio, 45157

Marjorie Kellerman, 1145 Fagins Run Road, New Richmond, Ohio, 45157

Charles P. Kellerman, 1145 Fagins Run Road, New Richmond, Ohio, 45157

Otto Ornella, 3009 Mott Road, New Richmond, Ohio, 45157

Beatrice Ornella, 3009 Mott Road, New Richmond, Ohio, 45157

Robert Kohlem, 1132 Fagins Run Road, New Richmond, Ohio, 45157

Virginia Kohlem, 1132 Fagins Run Road, New Richmond, Ohio, 45157

R. E. Campbell, 1120 Fagins Run Road, New Richmond, Ohio, 45157

Janice Roeder, 1103 Fagins Run Road, New Richmond, Ohio, 45157

Fary Roeder, 1103 Fagins Run Road, New Richmond, Ohio, 45157

Janet England, 1104 Fagins Run Road, New Richmond, Ohio, 45157

John W. Harris, 1110 Fagins Run Road, New Richmond, Ohio, 45157

Joseph H. Hawkins, 1160 Fagins Run Road, New Richmond, Ohio, 45157

Patricia Hawkins, 1160 Fagins Run Road, New Richmond, Ohio, 45157

Greg Hawkins, 1160 Fagins Run Road, New Richmond, Ohio, 45157

Janet Harris, 1110 Fagins Run Road, New Richmond, Ohio, 45157

Jene M. Galvin, 412 Old Kellogg, New Richmond, Ohio, 45230

Stephen Inkrot, 400 Old Kellogg, New Richmond, Ohio, 45230

Georgette Stievenard, 56 W. Main Street, Amelia, Ohio, 45102

Richard Wolfer, 456 Old Kellogg, Cincinnati, Ohio, 45230

Beverly A. Wolfer, 456 Old Kellogg, Cincinnati, Ohio, 45230

Jane Langenheim, 444 Old Kellogg, Cincinnati, Ohio, 45230

Dan Langenheim, 444 Old Kellogg Road, Cincinnati, Ohio 45230

Bonnie Galvin, 412 Old Kellogg Road, Cincinnati, Ohio, 45230

Tom Salters, 1239B Wilson Dunham Road, New Richmond, Ohio, 45157

Sandra Salters, 1239B Wilson Dunham Road, New Richmond, Ohio, 45157

Judy Cremmering, 418 Old Kellogg Road, Cincinnati, Ohio, 45230

Donald H. Cremmering, 418 Old Kellogg Road, Cincinnati, Ohio, 45230

Robert C. Frey, 3790C Fagins Run Loop, New Richmond, Ohio, 45157

Diane Frey,    3790C Fagins Run Loop, New Richmond, Ohio, 45157

Duane Humphrey, 1237 Fagins Run Road, New Richmond, Ohio, 45157

Mark Grippa, 3790H Fagins Run Loop, New Richmond, Ohio, 45157

Beverly San Grippa, 3790H Fagins Run Loop, New Richmond, OHio, 45157

Eric P. Doepke, 3329 Louis Road, New Richmond, Ohio, 45157

Rochelle D. Doepke, 3329 Louis Road, New Richmond, Ohio, 45157

Kenneth L. Cummins, 1017 Bristol Road, New Richmond, Ohio, 45157

Lois A. Cummins, 1017 Bristol Road, New Richmond, Ohio, 45157

T. J. Dyment, 964 Ten Mile Road, New Richmond, Ohio, 45157

Iona Dyment, 964 Ten Mile Road, New Richmond, Ohio, 45157

Afaf Kamouh, 686 Ten Mile Road, New Richmond, Ohio, 45157

Jayne Ridgeway, 842 Ten Mile Road, New Richmond, Ohio

Lee R. Ridgeway, 842 Ten Mile Road, New Richmond, Ohio, 45157

James F. Huber, 891 Grays Lane, New Richmond, Ohio, 45157

Phyllis A. HUber, 891 Grays Lane, New Richmond, Ohio 45157

Mary Springer, 878 Grays Lane, New Richmond, Ohio, 45157

Mel Springer, 878 Grays Lane, New Richmond, Ohio, 45157

Martie Wheeler, 885 Grays Lane, New Richmond, Ohio, 45157

Lonnie Wheeler, 885 Grays Lane, New Richmond, Ohio, 45157

Melissa Boggess, 885B Grays Lane, New Richmond, Ohio, 45157

Amel Sprenger Battle, 878 Grays Lane, New Richmond, Ohio, 45157

Kent Foreman, 889 Grays Lane, New Richmond, Ohio, 45157

Betsy S.Foreman, 889 Grays Lane, New Richmond, Ohio, 45157

Ranita Jones, 902 Robin Hill, New Richmond, Ohio, 45157

Don Jones, 902 Robin Hill, New Richmond, Ohio, 45157

Emily C. Leslie, 916 Robin Hill Drive, New Richmond, Ohio, 45157

Lawrence Leslie, 916 Robin Hill Drive, New Richmond, Ohio, 45157

Lowell Davis, 933 Robin Hill Drive, New Richmond, Ohio, 45157

Janet Davis, 933 Robin Hill Drive, New Richmond, Ohio, 45157

Billie Bainhat, 945 Robin Hill Drive, New Richmond, Ohio, 45157

Richard E. McKinniss, 990 Robin Hill DRive, New Richmond, Ohio, 45157

Louise McKinniss, 990 Robin Hill Drive, New Richmond, Ohio, 45157

Edward W. Rising Jr., 1006 Robin Hill Drive, New Richmond, Ohio, 45157

Lois Rising, 1006 Robin Hill Drive, New Richmond, Ohio, 45157

Kenneth W. Smith, 866 Grays Lane, New Richmond, Ohio, 45157

Carol Smith, 866 Grays Lane, New Richmond, Ohio, 45157

Thomas L. Hugenberg, 1042 Grays Lane, New Richmond, Ohio, 45157

Emily Ann Hugenberg, 1042 Grays Lane, New Richmond, Ohio, 45157

Jeffrey Ashba, 1188 Riebel Ridge, New Richmond, Ohio, 45157

Shellia, Spiers, 1098 Grays Lane, New Richmond, Ohio, 45157

Joe Neftzer, 1090 Grays Lane, New Richmond, Ohio, 45157

Dennis Gastrich, 1044 Grays Lane, New Richmond, Ohio, 45157

Virginia Gastrich, 1044 Grays Lane, New Richmond, Ohio, 45157

Barbara Henry, 1022 Grays Lane, New Richmond, Ohio, 45157

Erwin, A. Streng, 1018 Grays, Lane, New Richmond, Ohio, 45157

Marie C. Streng, 1018 Grays Lane, New Richmond, Ohio, 45157

Charlene F. Coffee, 1014 Grays Lane, New Richmond, Ohio, 45157

Daniel A. Nelson, 1008 Grays Lane, New Richmond, Ohio, 45157

Beverly A. Strader, 1006 Grays Lane, New Richmond, Ohio, 45157

Mark A. Schik, 1002 Grays Lane, New Richmond, Ohio, 45157

Susan M. Coburn, 1000 Grays Lane, New Richmond, Ohio, 45157

Patrick L. Coburn, 1000Grays Lane, New Richmond, Ohio, 45157

Dale Barbro 950 Grays Lane, New Richmond, OHio, 45157

Lois Arlene Barbro, 950 Grays Lane, New Richmond, Ohio, 45157

Jan Tucker, 947 Grays Lane, New Richmond, Ohio, 45157

Robert Tucker, 947 Grays Lane, New Richmond, Ohio, 45157

Douglas L. Allen, 67 Locust Hill Road, Cincinnati, Ohio, 45245

Evelyn A. Allen, 67 Locust Hill Road, Cincinnati, Ohio, 45245

W. R. Sparks, 37 Locust Hill Road, Cincinnati, Ohio, 45245

Lillian Sparks, 37 Locust Hill Road, Cincinnati, Ohio, 45245

Mr. and Mrs. Paul Puttman, 22 Locust Hill Road, Cincinnati, Ohio, 45245

Rad V. Scott, 33 Locust Hill Road, Cincinnati, Ohio, 45245

Peg Scott, 33 Locust Hill Road, Cincinnati, Ohio, 45245

Curtis L. Albertson, 70 Locust Hill Road, Cincinnati, Ohio, 45245

Terry Albertson, 70 Locust Hill Road, Cincinnati, Ohio, 45245

Connie Holtmann, 79 Locust Hill Road, Cincinnati, Ohio, 45245

Steven J. Holtmann, 79 Locust Hill Road, Cincinnati, Ohio, 45245

Christopher B. Knoop, 57 Locust Hill Road, Cincinnati, Ohio, 45245

Jan M. Knoop, 57 Locust Hill Road, Cincinnati, Ohio, 45245

Jody Knoop, 57 Locust Hill Road, Cincinnati, Ohio, 45245

Warren McConnell, 44 Locust Hill Road, Cincinnati, Ohio, 45245

Kelly McConnell, 44 Locust Hill Road, Cincinnati, Ohio, 45245

B. J. Griffin, 14 Locust Hill Road, Cincinnati, Ohio, 45245

M. E. Szymanczyk, 28 Locust Hill Road, Cincinnati, Ohio, 45245

Robert F. Cromwell, 17 Locust Hill Road, Cincinnati, Ohio, 45245

Cynthia L. Cromwell, 17 Locust Hill Road, Cincinnati, Ohio, 45245

Bobbie L. Criswell, 24 Locust Hill Road, Cincinnati, Ohio, 45245

Janet J. Criswell, 24 Locust Hill Road, Cincinnati, Ohio, 45245

James C. Kennedy, 18 Locust Hill Road, Cincinnati, Ohio, 45245

Barbara A. Kennedy, 18 Locust Hill Road, Cincinnati, Ohio, 45245

John P. Boorn, 43 Locust Hill Road, Cincinnati, Ohio, 45245

Mary Ann Boorn, 43 Locust Hill Road, Cincinnati, Ohio, 45245

Austin Bewsey, 45 Locust Hill Road, Cincinnati, Ohio, 45245

Olga P. Bewsey, 45 Locust Hill Road, Cincinnati, Ohio, 45245

Yvonne P. Lembke, 679 Locust Corner Road, Cincinnati, Ohio, 45245

W. R. Lembke, 679 Locust Corner Road, Cincinnati, Ohio, 45245

David L. Niland, 751 Locust Corner Road, Cincinnati, Ohio, 45245

Mary K. Niland, 751 Locust Corner Road, Cincinnati, Ohio, 45245

Mr. and Mrs. Jeffrey Kuhn, 574 Old U.S. 52, New Richmond, Ohio, 45157

Arthur E. Motch, 530 Old U.S. 52, New Richmond, Ohio, 45157

Margaret L. Motch, 530 Old U.S. 52, New Richmond, Ohio, 45157

Mr. and Mrs. David W. Motch, 528 Old U.S. 52, New Richmond, Ohio, 45157

Ward Wenstrup, 1054 Ten Mile Road, New Richmond, Ohio, 45157

Thomas R. Glueck, 689 Locust Corner Road, Cincinnati, Ohio, 45245

Brenda H. Glueck, 689 Locust Corner Road, Cincinnati, Ohio, 45245

Yvonne P. Lembke, 679 Locust Corner Road, Cincinnati, Ohio, 45245

W. R. Lembke, 679 Locust Corner Road, Cincinnati, Ohio, 45245

David L. Niland, 751 Locust Corner Road, Cincinnati, Ohio, 45245

Mary K. Niland, 751 Locust Corner Road, Cincinnati, Ohio, 45245

Mr. and Mrs. Jeffrey Kuhn, 574 Old U.S. 52, New Richmond, Ohio, 45157

Arthur E. Motch, 530 Old U.S. 52, New Richmond, Ohio, 45157

Margaret L. Motch, 530 Old U.S. 52, New Richmond, Ohio, 45157

Mr. and Mrs. David W. Motch, 528 Old U.S. 52, New Richmond, Ohio, 45157

Ward Wenstrup, 1054 Ten Mile Road, New Richmond, Ohio, 45157

Thomas R. Glueck, 689 Locust Corner Road, Cincinnati, Ohio, 45245

Brenda H. Glueck, 689 Locust Corner Road, Cincinnati, Ohio, 45245