**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Neighbors Opposing Pit
Expansion, Inc.,

Plaintiff,

v.

Case Number: 1:20cv91

Judge Michael R. Barrett

New Richmond Development
Corp., LLC., *et al*.,

Defendants,

**OPINION & ORDER**

This matter is before the Court upon Plaintiff's Motion for Reconsideration of the Court's Orders Dismissing Counts I, II, AND III and Denying Reconsideration. (Docs. 213, 216). Defendants have filed a Response in Opposition (Doc. 218); and Plaintiff filed a Reply (Doc. 220).

## I. BACKGROUND

Plaintiff Neighbors Opposing Pit Expansion, Inc. ("NOPE") is a nonprofit organization which was formed by residents of Pierce Township, Clermont County, Ohio to protect their land and homes, as well as the environment, from disposal of coal ash at the former Beckjord power plant site ("Beckjord Property"). (Doc. 39, PAGEID 662, ¶ 8-9). Defendants New Richmond Development Corporation and Commercial Liability Partners are owners of the Beckjord Property. (Id., PAGEID 663-65, ¶ 16).

Among other claims, Plaintiff brought a citizen suit against Defendants under the

Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(A).[1] Plaintiff claims that Defendants' ongoing acts of disposal of coal ash—also referred to as coal-combustion residuals ("CCRs")—at the Beckjord Property violate the RCRA and its regulations. More specifically, Plaintiff alleges: "Defendants' plans to 'close' Ponds B, C, and Cx with coal ash left in place will leave millions of cubic yards of coal ash in the Ohio River floodplain in perpetuity, where it will restrict the flow of the base flood and reduce the temporary water storage capacity of the floodplain, as well as being subject to washout of coal ash and other solid wastes from the unlined basin so as to pose a hazard to humans, wildlife, and land and water resources." (Case No. 1:21-cv-00792, Doc. 1, PAGEID 23, ¶ 85). Based on these allegations, Plaintiff claims that Defendants have violated the RCRA's prohibition against open dumping, 42 U.S.C. §§ 6944, 6945(a), (Count I); and also seek a declaration that Defendants' acts of disposal have triggered application of the federal CCR regulations at 40 C.F.R. Part 257 Subpart D ("CCR Rule") for the entire Beckjord facility (Counts II and III).

NOPE's RCRA claims have already been the subject of three motions. Defendants moved to dismiss Plaintiff's claims under the RCRA for lack of associational standing (Doc. 65); but the Court denied the Motion (Doc. 109). Plaintiff then moved for

---

[1]After this case was removed to this Court from the Clermont County Court of Common Pleas, Plaintiff filed another separate action against the same defendants: *Neighbors Opposing Pit Expansion, Inc. v. New Richmond Development Corp., et al.*, No. 1:21-cv-792. The two cases were consolidated upon Plaintiff's Unopposed Motion to Consolidate. In the Amended Complaint in the lead case Plaintiff brings claims for Interference with and Violation of Easement (Count I); Unjust Enrichment (Count II); Breach of the 1986 Settlement Agreement (Count III); Declaratory Judgment (Count IV); and Public and Private Nuisance: (Count V). The citizen suit claims under the RCRA are found in the Complaint in consolidated case (Case No. 1:21-cv-792).

summary judgment to establish Defendants' liability under the RCRA. (Docs. 90, 91, 92). However, the Court found that Plaintiff lacked the causation and redressability elements of Article III standing; and dismissed Plaintiff's claims without prejudice for lack of subject matter jurisdiction. (Doc. 145). Plaintiff then filed a motion to reconsider this decision (Doc. 150), which the Court denied (Doc. 155).

Plaintiff once again seeks reconsideration of the Court's decision dismissing its RCRA claims for lack of standing; and also seeks reconsideration of the denial of its motion for reconsideration of that motion.

## II. ANALYSIS

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to amend judgment under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991). "A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999)). However, "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir.1992) ("Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered

evidence." (internal citations and quotation marks omitted) (emphasis in original)).

Plaintiff argues that it was clearly erroneous for the Court to rely on *Mobile Baykeeper, Inc. v. Alabama Power Co*., No. CV 1:22-00382-KD-B, 2024 WL 54118 (S.D. Ala. Jan. 4, 2024), reconsideration denied, No. CV 1:22-00382-KD-B, 2024 WL 3506708 (S.D. Ala. July 22, 2024). Plaintiff points out that this decision has been reversed by the Eleventh Circuit Court of Appeals. *See Mobile Baykeeper, Inc. v. Alabama Power Co*., 175 F.4th 1316 (11th Cir. 2026).

Under the circumstances, the Court finds the proper course of action is to follow the decision of the Eleventh Circuit. *Accord Glidden Co. v. United States*, 78 F. Supp. 657, 657 (N.D. Ohio 1946) (quoting *New Amsterdam Casualty Co. v. Iowa State Bank*, 8 Cir., 277 F. 713, 716, cert. den. 1922, 258 U.S. 624, 42 S.Ct. 381, 66 L.Ed. 797) ("The decision of a Court of Appeals for another circuit upon the exact question is ordinarily followed, unless there are (other) circumstances requiring a different conclusion."). As the Court observed in its previous decisions, there little to distinguish the facts and claims in *Mobile Baykeeper* and NOPE's RCRA citizen suit claims in Counts I, II, and III.

Like the plaintiff in this case, the plaintiff in *Mobile Baykeeper* was an organization which included "local Alabamians who say their use and enjoyment of the Mobile River and neighboring waterways have been harmed by toxic leaching from a coal ash impoundment at one of Alabama Power's plants." 175 F.4th at 1319. Like the plaintiff in this case, "the organization sued [under RCRA's citizen suit provision], alleging that a closure plan Alabama Power is already implementing violates EPA regulations, and that a lawful plan would ease or eliminate the harms its members suffer." *Id*.

After reviewing the district court's decision, the Eleventh Circuit rejected the notion:

> that an illegal closure plan can only be challenged after that plan is fully implemented. Same goes for the idea that failure to properly clean up a longstanding environmental harm cannot be legally challenged because the harm existed before the cleanup was required. Equally unconvincing is the contention that a state agency's discordant view of federal law would tie the hands of the federal courts.

*Id*. at 1321. As to the causation element, the court explained that:

> A compliant plan for Alabama Power would prevent the leaching, and thus the injuries, Mobile Baykeeper says—but the current plan flouts the regulations, allows the leaching, and harms its members. At this stage of the case, we must assume that Mobile Baykeeper is correct, and traceability doesn't get much more straightforward than that.

*Id*. at 1323. As to redressability, the Eleventh Circuit explained that Mobile Baykeeper alleged that compliant plan does not exist "because Alabama Power's current plan leaves at least one million tons of coal ash saturated in water. Given that, implementation of a compliant plan would provide at least partial relief for Mobile Baykeeper's injuries." *Id*. at 1325. The Eleventh Circuit noted that partial relief is enough to establish standing. *Id*. ("Indeed, we have found redressability in similar cases at the motion-to-dismiss stage when plaintiffs adequately demonstrated that water quality 'would likely be improved' by an injunction requiring the defendant to take steps to stop discharging pollution.") (quoting *South River Watershed All., Inc. v. Dekalb Cnty., Georgia*, 69 F.4th 809, 820 (11th Cir. 2023)).

The Eleventh Circuit concluded: "Mobile Baykeeper has satisfied the Article III standing requirements, effectively pleading injury, causation, and redressability." *Id*.

Because Plaintiff's claims are overwhelmingly similar to the claims in *Mobile Baykeeper*, the Court concludes that NOPE also has Article III standing to bring these

claims.

## III. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration of the Court's Orders Dismissing Counts I, II, and III and Denying Reconsideration (Doc. 213) is **GRANTED**. Plaintiff's claims in Counts I, II, and III (Case No. 1:21-cv-792) are **REINSTATED** and remain pending before this Court.

**IT IS SO ORDERED.**

*/s/ Michael R. Barrett*
Michael R. Barrett
United States District Judge